## JESSE ROBBINS V. THE STATE.

### *No. 973.   Decided November 21.*

1. **Accomplice Testimony—Charge.**—In order to require of the court a charge upon accomplice testimony, some fact or circumstance must at least tend to connect the witness or witnesses with the transaction as particeps criminis.

2. **New Trial—Trickery and Artifice of State's Witness—Practice.**—If by trickery and artifice of the State's witnesses relative to their evidence a defendant is induced to go to trial, he should, upon ascertaining that fact, move to postpone the trial until he can obtain the testimony of his absent witnesses. That the defendant was deceived and surprised by the testimony of the witnesses for the State upon which he relied in announcing ready for trial, is not ordinarily a ground for new trial.

APPEAL from the District Court of Waller.   Tried below before Hon. T. S. REESE.

This appeal is from a conviction for theft of a cow, the punishment being assessed at two years' imprisonment in the penitentiary.

The two errors assigned, and which are discussed in the opinion, were:

"1. The court erred in not charging the law of accomplices, as the evidence of the State's witnesses, S. L. Elgin and H. Blagrove, required such charge.

"2. The court erred in refusing defendant a new trial, for the reason that the witnesses Elgin and Blagrove, by artifice, fraud, and deceit, induced the defendant to enter into the trial without two of his (defendant's) material witnesses, viz., Leonard Francis, who was unable to attend court by reason of a gunshot wound, as set out in the motion for a new trial, and Sam Feagan, to whom defendant sold the hide of the animal alleged to have been stolen."

The facts connected with these assigned errors are sufficiently stated in the opinion.

*J. J. Mahan* and *H. M. Browne*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This conviction was for cattle theft.   The court did not err in failing to charge the jury the law applicable to the testimony of accomplices.   The two witnesses, Elgin and Blagrove, were sent by their father-in-law, J. C. Gregory, to assist appellant, at his request, to kill a beef.   Appellant owed Gregory a debt, and was to discharge it in beef.   The witnesses knew nothing of the cow killed; had never seen it before, and were not aware that it did not belong to appellant.   These facts did not call for a charge upon the law applicable to testimony of accomplices.   In order to require such a charge,

some fact or circumstance must at least tend to connect the witness or witnesses with the transaction at issue as particeps criminis.

It is contended that these two witnesses, by trickery, artifice, and fraud, induced appellant to go to trial in the absence of two of his witnesses. In this connection, it is shown that J. J. Mahan, one of defendant's counsel, approached Elgin and Blagrove with reference to their evidence in regard to the brand upon the alleged stolen cow. Elgin testified, he "did not, on yesterday, say to J. J. Mahan, one of the attorneys for defendant, that the brand on the cow was I A G. I did not make the brand on the ground and tell Mr. Mahan that was the brand on the cow killed. Mr. Mahan made the brand on the ground with a stick, and asked me if that was the brand on the cow, J A G, I think, and I told him that was the brand. I know Mr. Mahan was one of the attorneys for defendant, and I know what he was up to; and I answered him accordingly."

Blagrove stated, that "Mr. Mahan made a brand on the ground, I A G, and asked me if that was the brand on the cow. I told him it was not * * *. This morning Mr. Mahan, one of defendant's attorneys, made a brand on the ground, I A G, and asked me if that was not the brand on the cow; but I told him it was not." This witness told Mahan what he thought the brand was, and the same as he stated to the jury. Mahan did not testify on the trial, nor did he in any manner contradict this testimony. We can not see that defendant or his counsel were misled in this matter, at least by Blagrove.

If it be conceded that Elgin in any way misled the attorney, it was incumbent upon appellant upon ascertaining this fact to move for a postponement for his alleged absent testimony. It should also have been shown that appellant was so misled by the witness. This, as presented, does not in any sense constitute a legal reason why a new trial should have been granted. Everything said and done by the witness was at the seeking of appellant's counsel. The defendant should not rely upon the State's testimony, and surprise at such evidence is ordinarily not a ground for a new trial. This case does not present a reason why a new trial should have been granted.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.