## NOBLE BROGDON v. STATE.

No. 1315. Decided October 25, 1911.

**1.—Carrying Pistol—Statement of Facts—Stenographer.**

The law in relation to official stenographers does not apply to criminal cases tried in the County Court, and where the alleged statement of facts was not found in the transcript, it could not be considered on appeal.

**2.—Same—Sufficiency of the Evidence.**

But should the statement of facts be considered the evidence is sufficient to sustain a conviction of unlawfully carrying a pistol.

**3.—Same—Date of Offense—Limitation—Surprise.**

Upon trial of unlawfully carrying a pistol, there was no error in permitting the State to prove a date other than that alleged in the information, it being within two years prior to filing same; there being no suggestion of surprise.

**4.—Same—Election by State.**

The doctrine of election does not apply with equal force in misdemeanor cases as it does in felony cases, and under the facts there was no error in not requiring the State to elect on which date, March 3d or 4th, defendant carried the pistol, as the occasion upon which he carried it determined the matter.

**5.—Same—Charge of Court—Alibi.**

Upon trial of unlawfully carrying a pistol, where no special charge was requested on the subject of alibi, there was no reversible error; besides, the evidence did not raise such an issue.

**6.—Same—Filing—Information—Complaint.**

Where the record showed, on appeal, that the complaint and information were delivered to the clerk on a certain date, this was a filing in law, and there was no error in permitting the clerk to indorse this date on the papers when called to the court's attention. Following Starbeck v. State, 109 S. W. Rep., 162.

**7.—Same—Verdict.**

That the verdict is against the law and the weight of the evidence and justice, is too general to be considered.

Appeal from the County Court of Young. Tried below before the Hon. E. W. Fry.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100 and thirty days confinement in the county jail.

The opinion states the case.

*C. W. Johnson,* for appellant.—As to date of offense: McGuire v. State, 10 Texas Crim. App., 125; Rye v. State, 8 Texas Crim. App., 163; Fore v. State, 5 Texas Crim. App., 251.

Upon question of filing: Moore v. State, 105 S. W. 817; Osborne v. State, 23 Texas Crim. App., 441; Hill v. State, 4 Texas Crim. App., 559; Townsend v. State, 5 Texas Crim. App., 574; Schott v. State, 7

Texas Crim. App., 616; Deoless v. State, 20 Texas Crim. App., 145; Starbeck v. State, 52 Texas Crim. Rep., 192, 109 S. W. Rep., 162; Brooks v. State, 113 S. W. Rep., 920; Bennet v. State, 92 S. W. Rep., 415.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of date: Skeen v. State, 34 Texas Crim. Rep., 308; McKinney v. State, 8 Texas Crim. App., 626; Blackwell v. State, 29 Texas Crim. App., 195, and cases cited in opinion.

HARPER, JUDGE.—Appellant was prosecuted under complaint and information, charged with unlawfully carrying a pistol, and on March 24th, was convicted in the County Court of Young County, Texas, and his punishment assessed at a fine of one hundred dollars, and imprisonment in the county jail for thirty days.

It appears from the record that the statement of facts is not copied in the transcript as provided by law, this being a misdemeanor, and the law in relation to official stenographers not applying to criminal cases tried in County Court. By reference to that law (Act of 31st Legislature, p. 374), it will be seen that the provisions of that Act apply alone to the court's official shorthand reporters, and that their appointment is not authorized in criminal cases in County Court. (See secs. 1 and 13 of said act.) The motion of the assistant attorney-general to strike out statement of facts, is sustained.

But should we consider the statement of facts, three witnesses testify that appellant went home with Miss Criss on Friday night, March 3d, and on that occasion displayed a pistol, which he took out of his pocket.

The appellant's witnesses testify that defendant did not go home with Miss Criss on March 3d, but with another lady, and also testify that on the night of March 3d, defendant's pistol was in the trunk of Mrs. Whitley, with whom he boarded. They also testify that appellant owned a toy pistol, which he used to squirt water. Appellant himself testified that he went home with Mrs. Whitley on the night of March 3d, and had no pistol on that night, but on cross-examination, admitted that he went home with Miss Criss on Saturday night, March 4th, and on that occasion displayed a pistol, but which he says was the toy pistol the witnesses had testified he owned.

The three State witnesses all say that the pistol displayed was not the toy pistol, that the toy pistol owned by defendant and the one introduced in evidence were not the same pistol, and the toy pistol was not the pistol defendant displayed on the night he went home with Miss Criss, but the pistol he had that night was a 38-calibre pistol.

Appellant complains that as the State witnesses had said it was on the night of March 3d, that he went home with Miss Criss, and the

night he displayed the pistol, the State, on cross-examination, ought not to have been permitted to ask defendant if he went home with Miss Criss on the night of March 4th, and if he had a pistol on that occasion. The complaint and information in this case were not filed until March 13, 1911, and trial had on March 24th, and the State would be permitted to prove the offense on any date within two years prior to the filing of the information. If appellant had been misled or surprised by the proof made in the case as to the date, or any other circumstance, he should have at once withdrawn his announcement, and moved to postpone the cause. The doctrine of "election" does not apply with equal force to prosecutions for a misdemeanor as it does to felony indictments. Stebbins v. State, 31 Texas Crim. Rep., 294; Waddell v. State, 1 Texas Crim. App., 720; Gage v. State, 9 Texas Crim. App., 259; Day v. State, 14 Texas Crim. App., 26; Alexander v. State, 27 Texas Crim. App., 533; and in Brown v. State, 38 Texas Crim. Rep., 597, Judge Hurt says: "When the defendant takes the stand he becomes a witness for all purposes. The State is not confined in cross-examination to matters elicited in chief." There was no error in permitting the cross-examination, and there was no error in not requiring the State to elect on which date, March 3d or 4th, in the condition of the record, as it was not two separate and distinct transactions, but all the testimony related to the occasion when he went home with Miss Criss, whether it was on the night of the third or the fourth, and all the State's testimony fixes that occasion as the date on which he is alleged to have had a pistol.

This court can not review the charge of the court in misdemeanor cases for failing to charge on "alibi," unless a special charge is requested, and the failure of the court to give such charge when requested, excepted to and preserved by a bill of exceptions. Lucio v. State, 35 Texas Crim. Rep., 320; Martin v. State, 32 Texas Crim. Rep., 442, and authorities cited under section 813, subdivision 6, White's Annotated Code of Criminal Procedure. See also the case of Jones v. State, 53 Texas Crim. Rep., 131, and authorities there cited. However, under the evidence, we do not think a charge on alibi was called for, nor a charge on circumstantial evidence. Three of the State witnesses testify that on the occasion he went home with Miss Criss he had a pistol, and the fact that they say that he went home with her on the night of March 3d, while the defendant says it was on the night of March 4th, would not call for a charge on alibi, nor circumstantial evidence. Neither would the fact that defendant says it was a toy pistol, while they say it was a pistol of 38-calibre, and when he handed it to Bennett, remarked, "Look out, it is loaded," call for a charge on either of these subjects.

The complaint that the information and complaint had not been filed presents no ground for reversal of the judgment. It appears that the county attorney had delivered the information and complaint to the

county clerk on the 13th day of March; that the defendant, on the 14th day of March, presented a motion for postponement on the ground that same had not been filed two days prior thereto, and the cause was postponed until March 24th. When the papers were delivered to the clerk on March 13th, it was a filing in law, and the court did not err in permitting the clerk to endorse on the papers the date of filing when called to his attention. Evidence was introduced that the papers were filed on March 13th, and it was proper for the court to permit such an endorsement to be made thereon. Starbeck v. State, 52 Texas Crim., 192, 109 S. W. Rep., 162.

The other grounds in the motion for a new trial: "The verdict is against the law;" "the verdict is against the weight of the evidence;" "because justice has not been done," are too general to be considered.

The judgment is affirmed.

*Affirmed.*