J. W. BELTON v. THE STATE.

No. 11699. Delivered May 30, 1928.
Rehearing denied State June 28, 1928.

The opinion states the case.

*Harry Meyers* and *Mays & Mays* of Fort Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, burglary; penalty, three years in the penitentiary.

Meat missing from the burglarized premises was found in a house occupied by appellant and his family and identified.

Appellant's defense was that this meat had been purchased from a peddler by his wife a short time before the alleged burglary. His wife testified to this fact and he made application for a continuance on account of the absence of three witnesses, all residing in Tarrant County, by whom he alleges he could prove substantially the same facts as testified to by his wife. It was alleged that all of said witnesses had been duly served with subpoenas and the Court was asked to issue an attachment for them contemporaneously with the presentation of said motion for continuance. The Court refused either to continue or issue an attachment, qualifying appellant's bill presenting this matter with the statement that this was appellant's sec-

ond application and witness, Clara Belton (who was the wife of accused), was present in Court and testified to the same facts that it is alleged the absent witnesses would testify to and that appellant made no written application for attachment, and further that on motion for new trial he heard testimony of one of these witnesses and was of the opinion that same was untrue and would not have changed the result of the trial. The affidavit of one of these witnesses was attached to appellant's motion for new trial, and shows he would have testified as shown in appellant's motion for continuance.

The rule against continuing for cumulative testimony on subsequent applications, apparently followed by the Court, does not apply where the witness testifying was the wife of accused, as was expressly stated by Judge Davidson in the case of Sherwood v. State, 225 S. W. 1102. Nor do we think the Court justified in refusing to issue an attachment for these witnesses, all of whom are alleged to have resided in Tarrant County. The witnesses had been legally served with process at appellant's instance and had disobeyed same, and the request for an attachment was made apparently in open Court after the case was called for trial. The accused is entitled under the constitution to compulsory process for his witnesses, and we are aware of no statute requiring a written application for such under the facts of this case. If the opinion in the case of Scott v. State, 79 Tex. Crim. Rep. 474, by Judge Prendergast, is contrary to these views, it is unsound and if it finds any support either in our decisions, our statutes, or our constitution, we have not found such.

The Court could not pass upon the truthfulness of the affidavit attached to motion for new trial of absent witness, as has been many times held. The Court under such circumstances is not the judge of its probable truth. Long v. State, 39 Tex. Crim. Rep. 462; Freeman v. State, 75 S. W. 505; Baines v. State, 61 S. W. 119; Branch's P. C., Sec. 336.

Other questions sufficiently presented for review are believed to be without merit.

For the above error, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It seems plain that if only appellant and those closely related to him, gave testimony as to his purchase of the property which he was charged with stealing, such testimony would be vastly more apt to be discredited and rejected by the jury because of its apparent taint of self-interest, than if the same facts were sworn to by parties unrelated. An application of this reasoning makes plain the correctness of our holding that it was error to over-rule the application for continuance to get apparently disinterested witnesses who would testify to the same facts as did appellant and his wife, viz: that he purchased the property claimed by the State to have been stolen by him.

We think the trial court without power to pass on the truth vel non of the absent testimony when it is made to appear that an affidavit of the absent witness or witnesses was appended to the motion for new trial, and that in such affidavit said absent witness swore that if present he would have testified to the facts attributed to him in the application for continuance. White v. State, 90 Texas Crim. Rep. 586; Mathason v. State, 229 S. W. Rep. 548.

Believing the case correctly decided in the original opinion, the motion for rehearing will be overruled.

*Overruled.*