PEDRO ORTIZ AND EPIFANIO ORTIZ V. STATE.

No. 24511. November 30, 1949.

*Frank J. Alvarado,* San Antonio, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP. Judge.

The appeal is from a conviction for rape in which Epifanio L. Ortiz was assessed a sentence of seven years in the penitentiary and Pedro Ortiz was given five years.

Appellants were jointly indicted, along with Jose Marin, for the offense of rape, the victim being a Negro woman. Jose Marin was granted a severance and was not tried with these appellants. The evidence of the case is amply sufficient to sustain the jury's verdict finding them guilty of rape by force.

The record brings to us two bills of exception which may be considered together under the same discussion. The prosecuting witness testified, giving her name as Mattie Mae Teel. It developed during her testimony that she was the common law wife of a Negro named Teel and she stated that she had been married to another man, in Grayson County, but was divorced from him. She had two children by that marriage who lived in Grayson County. Following this the appellants presented a telegram from the district clerk at Sherman stating that the records of that county did not show a divorce for the prosecuting witness. Appellants offered this telegram in evidence. The state objected to its introduction, and the trial court properly refused to receive it in evidence. Appellants asked for a postponement of the case until they could bring the records from Grayson County to be used in evidence. This request was made orally and we find no written motion asking for a continuance of the case, or a postponement for that purpose. This procedure is not in compliance with Article 551, C. C. P., as construed by this

court in Bascom v. State, 114 Texas Crim. Rep. 32, 24 S. W. 2d 437. See also Walker v. State, 232 S. W. 509.

It is not necessary to discuss the other questions briefed, and our conclusion that proper steps were not taken to secure the postponement precludes the necessity for further discussion of either bill.

Finding no reversible error shown by the record, the judgment of the trial court is affirmed.