## TIM ELOMS v. STATE.

No. 26,668. January 13, 1954.
Motion for Rehearing Denied
(Without Written Opinion) March 3, 1954.

*Tom M. Miller*, Graham, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, five years.

Without detailing the evidence of the several state witnesses, it is sufficient to say that they testified that appellant mortally stabbed the deceased while in a dice game and that deceased was unarmed and made no gesture toward appellant prior to the time of the assault.

Appellant, testifying in his own behalf, raised the issue of self-defense, which was submitted to the jury, and they found against him. We find the evidence sufficient to support the conviction.

We shall now discuss the contentions raised by appellant's able counsel in his brief.

Appellant complains that the state was permitted to impeach his testimony by proof of extraneous misdemeanor offenses not involving moral turpitude. In order to properly appraise the question, it is necessary to quote from the direct and cross-examination of the appellant.

While being examined by his own counsel, he was asked to give the jury certain assurances about his future conduct in the event they saw fit to give him a suspended sentence. We observe at this point that such questions are frequently dangerous. He answered as follows:

"A. Well, I will try to live like I have been doing. I will try to live 48 more years, only a little bit better. I will change my way of living if I can get out of this."

When the prosecutor took him on cross-examination he asked the accused:

"Q. Now, Tim, as I understand you, you told the jury if they would give you a suspended sentence that you would go on for the next 48 years like you have in the past and not get in any trouble. Is that right? A. Yes, sir.
"Q. That's what you told them, wasn't it? A. Yes, sir.
"Q. You really meant that, didn't you? A. Yes, sir.

"Q. But you didn't tell them about the trouble you have been in during the past 48 years. You didn't tell them about that, did you? A. No, sir. There wasn't no trouble.

"Q. Well, let me see if I can't refresh your memory Tim. Do you remember back in February, 1952, when you were over at Brackenridge in Stephens County, and got arrested for driving while drunk and you paid a fine in Cause No. 6704 the State of Texas v. Tim Eloms. You remember that, don't you? A. Yes, sir, I remember that.

"Q. You don't classify that was being in any trouble? A. No, sir, I don't classify that as being in any trouble.

"Q. You don't consider that as a criminal case? A. No, sir, I just paid a drunk driving fine.

"Q. You just paid a fine and don't consider that as any trouble. Is that right? A. Yes, sir.

"Q. But you were charged with driving while drunk, weren't you? A. Yes, sir."

All of this cross-examination was heard by the jury before any objection was offered. The objection "to this line of questioning" was overruled. The prosecutor then asked about a prior misdemeanor conviction at Muleshoe. This question was never answered. At this juncture the jury was sent out of the courtroom, and upon their return the court instructed the jury not to consider the testimony for any purpose.

We think that the appellant's testimony in answer to his own counsel may not have authorized the asking of such questions, but when taken in connection with his answers to the questions propounded by the district attorney a predicate was laid for such questions under the holdings of this court in Lampkin v. State, 47 Tex. Cr. Rep. 625, 85 S. W. 803, and Kemp v. State, 157 Tex. Cr. Rep. 158, 247 S. W. 2d 398.

Prudence favors a showing by the accused that he is eligible under the suspended sentence law, enjoys a good reputation as a law abiding person, and no more. If he goes further and makes blanket statements about exemplary conduct, then the state may refute them.

In view of appellant's failure to timely object and the ruling of the court in withdrawing the evidence complained of from the consideration of the jury, we fail to find reversible error reflected by the bills.

There appear at the end of the statement of facts certain

474

proceedings in regard to the selection of the jury in this case. The record reflects that after ten jurors had been selected from the special venire and the state had used eleven peremptory challenges, and the appellant fourteen peremptory challenges, the appellant dictated an oral motion to quash the special venire on two grounds; one, that the special venire had been summoned by postcard and, two, that some of the veniremen had been excused by the court without the consent of the appellant.

We find no written verified motion to quash the venire in the record. In fact, no ruling of the court on the motion is shown.

No error is reflected. Carroll v. State, 104 Tex. Cr. Rep. 11, 282 S. W. 233.

In Garza v. State, (Page 134, this volume, 261 S. W. 2d 581, we noted the amendment of Article 597, V. A. C. C. P., enacted in 1951, which provides that a venire may be summoned either in person or by mailing the summons by first class mail. There we held that postal cards come under the head of first class mail and that if the court does not direct which method should be employed, then the sheriff may use either or both methods set forth in the statute.

The judgment of the trial court is affirmed.