Recently, in Allen v. State, Tex.Cr.App., 264 S.W.2d 723, 724, we said:

"Appellant in his brief contends that there is a missing link in the chain of custody of the second package in that there is no showing where or by whom it was kept in the Sheriff's office. With this we cannot agree. The package was marked for identification at the police station, and the package submitted to the witness bore the same identification; and we think the chain of custody thereof was properly established."

Finding no reversible error, the judgment of the trial court is affirmed.

**Robert HERNANDEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 27146.**

Court of Criminal Appeals of Texas.

Nov. 10, 1954.

No attorney on appeal for appellant.

Wesley Dice, State's Atty., Austin, for the State.

WOODLEY, Judge.

The conviction is for driving a motor vehicle upon a public highway while intoxicated. Trial was before a jury on December 12, 1952, and resulted in a conviction with a fine of $50.

Notice of appeal was given on the last day of the term, which was December 31, 1952.

The recognizance on appeal found in the record appears to have been entered into on January 2, 1953.

The term of court at which notice of appeal was given having expired, appellant was required to enter into a bail bond and not a recognizance in order for this court to obtain jurisdiction of his appeal. Art. 830, V.A.C.C.P.; Jones v. State, Tex. Cr.App., 31 S.W.2d 644.

The appeal is dismissed.