## BERT B. BERRY V. STATE

No. 29,280. November 27, 1957.

Appellant's Motion to Reinstate Appeal Granted
January 15, 1958.

*Scarborough, Yates, Scarborough & Black,* by *James K. Graham,* Abilene, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $150.

Trial was had, judgment rendered, and notice of appeal given on April 17, 1957, which was during a term of the court in which the case was tried. Said term ended on June 15, 1957.

The record shows that appellant was enlarged under a recognizance on appeal entered into on July 15, 1957, and during the subsequent term.

An appeal in a misdemeanor case will be dismissed if the recognizance was entered into after the expiration of the term of court at which the conviction was had. Hernandez v. State, 272 S.W. 2d 376, and other cases cited under Sec. 633, Branch's Ann. P.C. 2d Ed.

The appeal is dismissed.

ON MOTION TO REINSTATE THE APPEAL

MORRISON, Presiding Judge.

The record has now been perfected, and the case will be considered on its merits.

Officers Hutchins and Willingham of the Abilene Police Department testified that at approximately five o'clock on the morning in question, while on patrol, they observed an automobile weaving back and forth across two lanes and on to the shoulder of the highway and gave chase; that they pursued it for four blocks, and when they brought it to a halt they observed the appellant, who was the driver thereof. They stated that he smelled strongly of intoxicants, that his speech was broken, that he staggered when he walked and expressed the opinion that he was intoxicated. A search of the automobile revealed an empty whiskey bottle and a passenger who in their opinion was intoxicated, and both men were arrested and placed in jail.

Captain Martin testified that he observed the appellant upon his arrival at the jail and expressed the opinion, from his manner of speech, his appearance and the manner in which he walked, that he was intoxicated.

Appellant, testifying in his own behalf, stated that he was caring for his passenger, who was his cousin and who had been drinking throughout the night in question, but denied that he himself had had anything to drink.

The jury resolved this conflict in the evidence against the appellant, and we find the evidence sufficient to support the conviction.

456

The sole contention advanced by able counsel in his brief is that the trial court erred in failing to grant a second application for continuance. Though presented by bill of exception, we find that the motion for continuance itself was made orally. Article 540, V.A.C.C.P., provides, in part, that "a criminal action may be continued on the *written* application * * * ."

Judge Hawkins, in Walker v. State, 90 Texas Cr. Rep. 56, 232 S.W. 509, said, "The law does not contemplate verbal applications for continuance in the first instance * * * ." See also Ortiz et al v. State, 154 Texas Cr. Rep. 52, 224 S.W. 2d 883, and Bascom v. State, 114 Texas Cr. Rep. 32, 24 S.W. 2d 437.

In view of the above, we must hold that the appellant has not preserved his complaint to the action of the trial court in failing to grant a continuance.

Finding no reversible error, the judgment of the trial court is affirmed.