GASPAR GARCIA V. STATE.

No. 30,551. April 1, 1959.

594

*Leo N. Duran* and *Walter Groce,* (By *Walter Groce*), Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is possession of marihuana; the punishment, ten year.

Officers searched the place of business of appellant, referred to in the evidence as a pool hall and recreation club, and found four packages of marihuana the contents of which was described as amounting to 35.4 grams and sufficient to make 177 cigarettes.

The first package of marihuana was found under a pillow on a pool table that was not in use.

Officers Whitehead, Hunt and Henry testified that when Officer Whitehead found and opened the package he asked what it was and appellant, who was standing nearby, said that it was marihuana.

Further search revealed three packages of marihuana under a fan or fan stand next to the wall in the same room.

As a witness in his own behalf, appellant testified:

"Q. Did you make any statements to Mr. Whitehead as to what he saw there? A. No, sir.

"Q. Did you state to him or anybody else that something there was marihuana? A. No, Sir."

The package found under the pillow on the pool table was exhibited to appellant on cross-examination and he was asked if he knew what it was and if he had "seen this marihuana before," both of which he answered in the negative.

He was then asked: "Q. You have never seen marihuana before?" to which he replied "I never have seen marihuana before in my life."

The facts were then developed in the jury's absence after which the state was permitted to prove by appellant that on March 27, 1944, he pleaded guilty to the possession and sale of marihuana.

The authorities relied upon by appellant dealing with proof of a prior conviction so remote as to have no tendency to discredit the witness are not here applicable. The question is not whether the prior *conviction* was admissible, but whether it was proper to allow the state to impeach the testimony of appellant that he had never seen marihuana in his life by showing that he had previously *pleaded guilty* to possession and sale of marihuana.

Appellant testified that he did not identify the contents of the package found on a pool table in his establishment as marihuana, as the officers testified he did, and attempted to bolster his denial and his failure to recognize the marihuana in this package, when exhibited to him at the trial, by testifying "I never have seen marihuana before in my life." The trial court did not err in permitting the state to show by him that, on the contrary he pleaded guilty to the possession and sale of marihuana in 1944. It was admissible for the purpose of impeaching such testimony of the appellant and showing it to be false. Kemp v. State, 157 Texas Cr. Rep. 158, 247 S.W. 2d 308; Lampkin v. State, 47 Texas Cr. Rep. 625, 85 S.W. 803.

See also Ward v. State, 160 Texas Cr. Rep. 232, 268 S.W. 2d 465; and Evans v. State, 156 Texas Cr. Rep. 474, 243 S.W. 2d 843.

The judgment is affirmed.