## MYRON FERGUSON V. STATE

No. 31,865. May 11, 1960
Motion for Rehearing Overruled June 25, 1960
Second Motion for Rehearing Overruled October 12, 1960

W. T. Briggs, Port Arthur, for appellant.

*Feagin W. Windham,* District Attorney, *James A. Morris,* Assistant District Attorney, Orange, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is fondling; the punishment, 15 years.

The count of the indictment under which the case was submitted to the jury alleged that appellant did "unlawfully and with lascivious intent, knowingly and intentionally place his hand against a sexual part, to-wit: the vulva" of the girl named in the indictment who was alleged to be under the age of 14 years.

The girl testified that she was nine years old, but would soon be 10; that she got in appellant's car and went with him to the town of Vidor where appellant purchased some candy and a pair of slippers for her, and that she left Vidor with appellant and was with him when officers appeared and arrested appellant.

The child testified that appellant tried to kiss her and that

he put his arm between her legs and placed his hand on her private parts while she was riding with him.

State's witness Daigle, who was riding around in his automobile, testified that he observed appellant "loving on the girl like a grown woman"; saw him "rub her legs on up to the stomach * * * her dress was pulled up pretty high * * * he would rub her for a while, and then he'd pull her back toward him a while. Then he'd kiss her a while, and she'd just get back away from him."

While appellant and the child were in the store at Vidor, the witness Daigle reported what he had seen to two Texas Highway Patrolmen who followed the car after appellant and the child came out of the store and drove off.

Patrolman N. W. Barrow testified that appellant "was continuously fooling with the little girl sitting on his right * * * he would reach over and grab her and pull her toward him and was just generally handling the little girl."

Sgt. Tom Carey of the Texas Highway Patrol gave testimony similar to that of Patrolman Barrow.

Appellant testified that the little girl accompanied him to Vidor with the consent of her step-father. He denied that he fondled the child or put his hand on her. He also denied that he stopped the car before reaching Vidor, as the witness Daigle testified he did, or that he stopped at a service station in Vidor as the Patrolmen and the child had testified.

On cross examination, appellant admitted that he was convicted and assessed a 10-year-term in Harris County of February 27, 1951, for the rape of his 11-year-old daughter; and was released from the penitentiary on March 1, 1957.

The evidence shows that the fondling presently charged was committed on April 18, 1959.

It is contended that the conviction of appellant for rape was too remote, and that his objection to the question eliciting the admission of such conviction should have been sustained.

The time element of the question of remoteness starts from the time of release from the penitentiary rather than the time

of conviction. Dillard v. State, 153 Tex. Cr. R. 134, 218 S.W. 2d 476; Toms v. State, 150 Tex. Cr. R. 264, 200 S.W. 2d 174, and cases cited.

Appellant suggests that the evidence is insufficient to sustain the allegation of the indictment that he placed his hand on the vulva of the girl.

The testimony that he placed his hand on the private parts of the child was sufficient to sustain such allegation. Ball v. State, 163 Tex. Cr. R. 214, 289 S.W. 2d 926.

Appellant complains that the court refused to hold the case over until the next morning in order to make available the testimony of the doctor who examined the girl and who had been subpoenaed by the state, but not called to testify.

In the absence of a motion in writing, and a showing of what the witness would have testified, the trial judge did not abuse his discretion in refusing to delay the trial. Walker v. State, 90 Tex. Cr. R. 56, 232 S.W. 509: Ortiz v. State, 154 Tex. Cr. R. 52, 224 S.W. 2d 883, and cases cited.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment recites that appellant was adjudged guilty "of the offense of Fondling and attempting to fondle" as found by the jury.

Only the count charging fondling was submitted to the jury, whose verdict was that appellant was found guilty "as charged in the indictment."

The judgment is reformed to read that appellant was adjudged guilty of fondling.

The sentence appearing in the transcript has a similar defect in form, and also fails to give effect to the indeterminate sentence law.

The sentence is reformed to read that appellant was adjudged guilty of fondling, and to order his confinement in the penitentiary for not less than one hour nor more than 15 years.

As reformed, the judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge

Appellant insists that, inasmuch as the trial court permitted appellant's counsel to orally move to postpone the trial of the case in order that he might have the benefit of the testimony of the doctor who examined the prosecuting witness, we should consider the question presented as though a sworn motion in writing had been presented.

The question thus presented is one involving the exercise of judicial discretion on the part of the trial court.

In view of the fact that we do not have before us the facts to which the doctor would have testified we are unable to say that the trial court was not authorized to overrule the appellant's request.

We have again examined the record, and remain convinced that a correct conclusion was reached originally.

Appellant's motion for rehearing is overruled.