Bob Granville POINTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 36347.

Court of Criminal Appeals of Texas.

Dec. 18, 1963.

Rehearing Denied Feb. 12, 1964.

Orville A. Harlan, Houston (On Appeal Only), for appellant.

Frank Briscoe, Dist. Atty., Joe C. Shaffer and Daniel P. Ryan, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for robbery; the punishment, life imprisonment.

The state's evidence shows that on the night of June 16, 1962, a man who was positively identified as the appellant entered a 7-11 Food Store and robbed the manager, Kenneth W. Phillips, of more than $300. After obtaining the money, appellant fled from the store and was observed by Phillips talking to a man at a nearby street intersection. When the officers arrived soon after the robbery, an abandoned automobile with a flat tire and the motor still warm was found at the intersection. A police dog, upon being placed in the front seat of the automobile, led the officers to the front of the 7-11 store where the robbery had occurred and then across the street, into a wooded area, to the front yard of a nearby residence, where appellant was standing under the shadow of a tree. A search of appellant's person, following his arrest, revealed that he had $81 in his billfold, and later $65 was found in his shoe after he had kicked it off in the back of the patrol car.

As a witness in his own behalf, appellant denied having committed the robbery and swore that he had never been in the 7-11 store where the robbery occurred. Appellant testified that on the night in question he had been with some friends and that while riding in an automobile with them an argument ensued, whereupon he got out of the automobile to avoid trouble and went to the house where he was apprehended after he had used a telephone to call a taxi.

The court in his charge submitted appellant's defense of alibi to the jury.

The jury by their verdict rejected appellant's defensive testimony, and we find the evidence amply sufficient to sustain their verdict.

Appellant predicates his appeal upon three points of error.

His first contention is that the court erred in permitting the state to introduce in evidence as state's exhibit #1 a portion of the testimony given by the injured party, Kenneth W. Phillips, at an examining trial held in Justice Court, Precinct No. 1, of Harris County, on June 25, 1962, for the appellant and a co-defendant, Lloyd Earl Dillard.

Appellant insists that a proper predicate was not laid, under Arts. 749 and 750, Vernon's Ann.C.C.P., to reproduce the testimony, because the state did not show that the witness resided out of the state. The record reflects that prior to admitting the injured party's examining-trial testimony in evidence, his sister testified that since the date of the robbery he had moved to California, where he was employed and had taken up residence, and that he was in California at the time of the trial. Her testimony was sufficient to show that the witness resided out of the state. Conn v. State, 143 Tex.Cr.R. 367, 158 S.W.2d 503; Norton v. State, 148 Tex. Cr.R. 294, 186 S.W.2d 347. It is also contended that the examining-trial testimony should not have been admitted because the proof fails to show that the state attempted to avail itself of the provisions of Art. 486a, V.A.C.C.P., being the Uniform Act to secure attendance of witnesses from without the state.

In Webb v. State, 160 Tex.Cr.R. 144, 268 S.W.2d 136, it was recognized that the exercise of diligence is not required of either the state or an accused before taking advantage of the right to reproduce testimony of a witness out of the state, under the terms of Arts. 749 and 750, supra. In that case, a claim made by the state that an accused should be denied the right to reproduce testimony because he did not avail himself of the Uniform Attendance

of Witnesses Act, Art. 468a, V.A.C.C.P., was rejected.

■ Appellant also contends that, because he was not represented by counsel at the examining trial, the reproduction of such testimony and its admission in evidence constituted a denial of due process to him under the Fourteenth Amendment to the Constitution of the United States.

With this contention we do not agree. The examining trial was held prior to return of the indictment against appellant and was not a part of the trial in which he was convicted. An examining trial, under Arts. 245 to 266, V.A.C.C.P., is for the purpose of determining whether the defendant is to be discharged, committed to jail, or admitted to bail.

Art. 494, V.A.C.C.P., provides for the appointment of counsel for an accused charged with a felony, when it is made known to the court, at an arraignment or any other time, that he is too poor to employ counsel.

Art. 10a, V.A.C.C.P., provides for the appointment of counsel for an accused in a prosecution for an offense less than capital, upon entering a plea of guilty or plea of nolo contendere and waiving trial by jury.

There is no statutory provision in this state for the appointment of counsel for an accused prior to indictment. We have examined the authorities cited by appellant and do not deem them here controlling. In Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, the accused was denied the assistance of counsel at his trial. In Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, and Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, the accuseds did not have the assistance of counsel at the time of their arraignment. In White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, the accused was not represented by counsel when he was arraigned at a preliminary

hearing and entered a plea of guilty, which was subsequently introduced in evidence against him upon the trial in which he was convicted. Such are not the facts presented in the instant case.

Appellant's second claim of error is that the court erred in permitting the state to show a certain extraneous offense, committed by him, for the purpose of impeaching him, which had not resulted in a final conviction.

An examination of the record reflects that while testifying on direct examination, appellant stated that he had never been in the 7-11 store where the robbery occurred. Thereafter, the witness Jim Stuart Robertson was called by the state in rebuttal, and testified that on May 27, 1962, he was in the store and at such time he observed a man whom he identified as appellant enter the store, produce a pistol, point it at the manager, Phillips, and say "'This is a holdup,'" after which Phillips gave appellant some money.

■ The testimony that the appellant was in the store on May 27, 1962, was properly admitted for the purpose of impeaching appellant's testimony, on direct examination, that he had never been in the store. Lampkin v. State, 47 Tex.Cr.R. 625, 85 S.W. 803; Kemp v. State, 157 Tex. Cr.R. 158, 247 S.W. 398; Eloms v. State, 159 Tex.Cr.R. 471, 264 S.W.2d 725; Orozco v. State, 164 Tex.Cr.R. 630, 301 S.W.2d 634; Garcia v. State, 167 Tex.Cr.R. 593, 322 S.W. 536; and Jones v. State, 169 Tex. Cr.R. 175, 332 S.W.2d 560.

■ The appellant is in no position to complain that the witness Jim Stuart Robertson was permitted to testify not only that appellant was in the store on May 27th but that he committed the robbery, the following portion of the testimony of Kenneth W. Phillips at the examining trial having been introduced before the jury after appellant's counsel stated that he had no objection and that "I want it all in

there because the man said 'I wasn't for sure' ":

["Q Mr. Phillips, on or about the 16th day of June, did you have occasion to see either one of these defendants?] A Yes sir.

["Q Was it one or both of them?] A Well, I saw the one in the store and the white headed gentleman, I believe I saw him down the street from the store.

["Q Will you tell us what happened, please?] A Well, it was about 11 o'clock and we *was* closing up and the young one walked in and I thought I recognized him from—we had been robbed on the 27th of May, Sunday *Morn*ing, *and I thought it was him but I wasn't for sure, h*e walked by me and went over to the Dairy Cooler and picked up a six pack of beer and came back to the counter and I went over to wait on him and he lifted his shirt and showed me the gun and said, '*t*his is just like last time, buddy' and I gave him all the money."

Appellant's remaining point of error is addressed, primarily, to the court's action in refusing to grant a continuance in the case and in overruling a motion made by attorney C. C. Divine to be dismissed as appellant's counsel in the cause.

These complaints to the court's action are presented by certain purported informal bills of exception appearing in a separate statement of facts of the evidence adduced upon the hearing of the motions.

■ The motion for continuance appears to have been made orally and not in writing, as provided in Art. 540, V.A.C.C.P. Such motion not being in writing, appellant has failed to preserve his complaint to the court's action in refusing to grant a con-

tinuance. Berry v. State, 165 Tex.Cr.R. 454, 308 S.W.2d 877.

■ The complaint to the court's action in refusing the motion of appellant's attorney, C. C. Divine, to be dismissed as counsel in the case is not such a matter as may be presented by informal bill of exception, under Art. 760e, V.A.C.C.P., and is therefore not properly before us for review.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

## ON APPELLANT'S MOTION
## FOR REHEARING

McDONALD, Judge.

Due to appellant's vigorous brief on motion for rehearing, and his reliance on White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193, we feel it desirable to further clarify our position in distinguishing the instant case. In the White case it was pointed out that the "preliminary hearing" under Maryland law was as "critical" a stage as arraignment under Alabama law, citing Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114. In the Hamilton case it was stated that under Alabama law arraignment is a critical stage in a criminal proceeding in that, " * * * the defense of insanity must be pleaded * * * or the opportunity is lost." Also, "[p]leas in abatement must also be made at the time of arraignment," and further, "It is then that motions to quash based on systematic exclusion of one race from grand juries * * *, or on the ground that the grand jury was otherwise improperly drawn * * *, must be made."

The examining trial in Texas is not such a "critical stage" in criminal proceedings as it is under the holdings above cited and quoted. As originally set forth in our opinion in this cause, "An examining trial, under Arts. 245 to 266, V.A.C.C.P. is for the purpose of determining whether the defend-

 

ant is to be discharged, committed to jail, or admitted to bail."

We remain convinced that this cause was correctly disposed of in our original opinion. Appellant's motion for rehearing is overruled.