**Albert Sidney MOUNCE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41394.**

Court of Criminal Appeals of Texas.

July 10, 1968.

Rehearing Denied Oct. 16, 1968.

Stone, Tilley, Parker, Snakard, Law & Brown, by James B. Barlow, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Gordon Gray, Wayne E. Roberts, William A. Knapp and Truman Power, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is under Art. 535d, Vernon's Ann.P.C., for fondling; the punishment, fifteen years.

For reversal, the appellant contends that the trial court erred in admitting his alleged confession in evidence on the ground that he was not given the statutory warning, that it was never reduced to writing and signed by him as required by Art. 38.22, Vernon's Ann.C.C.P.; that it was not shown to have been voluntarily made, and was patently inadmissible and denied him due process of law.

Before this case was tried and while the appellant was in jail, a dependency hearing was had in the Domestic Relations Court No. 2 of Tarrant County pertaining to three minor daughters of the appellant, which included the prosecutrix and her two younger sisters. The appellant, in custody of an officer, attended the hearing and was represented by counsel. Judge Moore, who presided at the hearing, testified that at the hearing and before the appellant testified as a witness he was told that he had a criminal case pending in Criminal District Court and he did not have to testify to any facts which would be relevant as evidence in his case, and in general the Fifth Amendment was explained to him and he was advised that he could claim it; that the appellant was then sworn as a witness and testified voluntarily and while testifying he "stated in general terms that he fondled one of his daughters."

Mrs. Cora McFarland, the maternal grandmother of the prosecutrix, testified in part as follows:

"Q  I will ask you whether or not the defendant Albert Sidney Mounce testified during that (Juvenile) proceeding?

"A  Yes, he did.

"Q  Were you present when he testified?

"A  Yes, I was.

"Q  I will ask you whether or not he was represented by counsel or had a lawyer?

"A  He had a lawyer.

   *    *    *    *    *    *

"Q  During the course of Albert Sidney Mounce's testimony I will ask you whether or not there was any tes-

timony in regard to Beverly Ann Mounce?

"A   Yes, sir.

"Appellant's Counsel: Your Honor, I object to that question and to any answer to the question on the ground that any testimony that she relates that this defendant gave at a prior hearing is hearsay and incompetent.

"The Court: Objection overruled.

"Appellant's Counsel: Note our exception. Your Honor, I renew my objection to any answer to that last question on the alternate grounds that it is a calculated attempt to prejudice this defendant in the eyes of the jury.

"The Court: Is that all of your objections?

"Appellant's Counsel: Yes, sir.

"The Court: Let's state them all at one time.

"Appellant's Counsel: Yes, sir.

"The Court: Objection overruled.

"Appellant's Counsel: Note our exception.

"Q   Did you hear the testimony?

"A   Yes, sir.

"Q   I will ask you whether or not there was any testimony by Albert Sidney Mounce in regard to Beverly Ann Mounce?

"A   Yes, sir, there was.

"Q   What was that testimony?

"A   Well, they asked him if it was true about the charges against him and he admitted they were true.

"Q   Whenever you say the charges against him, what did you mean by that?

"A   Fondling his daughter.

"Q   Which daughter?

"A   Beverly Ann.

"Q   Are you telling the jury that he admitted that was true?

"A   Yes, sir.

"Q   Just exactly what do you mean by that?

"A   Well, I heard him admit that he had fondled Beverly.

"Q   Beverly?

"A   Yes.

"Q   I will ask you whether or not that is the same Beverly Ann Mounce who has been here during this proceeding?

"A   Yes, it is the same one.

"Q   The person that you heard testify in the proceeding that we have been talking about, was that the same Albert Sidney Mounce?

"A   The same one, yes, sir.

"Q   Who is sitting over at defense counsel table?

"A   The same one, yes, sir."

In the absence of the jury, the court held a hearing on the admissibility in evidence of the testimony given by the appellant at the juvenile hearing relating to the offense charged in this case. At the conclusion of the hearing, the court made and filed an order in the case finding that the testimony relative to the statements of the appellant was admissible in evidence. The testimony on the hearing was substantially the same as that introduced at the trial as above shown.

In Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, the Supreme Court said:

"Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today."

See Preston v. State, 41 Tex.Cr.R. 300, 53 S.W. 127; Green v. State, Tex.Cr.App., 423 S.W.2d 922.

The record reveals that the testimony of the appellant in this case was voluntarily given in open court after he had been advised that he did not have to testify to any facts pertaining to this case. Under such facts Art. 38.22, supra, is not applicable. Further, the only objections made to the testimony of Cora McFarland, when she testified that she heard the appellant admit while he was testifying on the dependency hearing that "he had fondled Beverly," were that it was hearsay, incompetent, and an attempt to prejudice him before the jury. Grounds of error relating to the admission of appellant's statements are overruled.

■ Grounds of error Nos. 5, 6, and 7 assert that the testimony of the witness McFarland relative to appellant's alleged statements at the hearing was hearsay, stated conclusions, and no proper predicate was laid for its admission in evidence.

It is apparent from a consideration of the McFarland testimony above set out relating what she heard the appellant state while he was testifying at the hearing was not hearsay, and it was not inadmissible in evidence as urged. The grounds of error are overruled.

■ The refusal of appellant's requested charge that the prosecutrix was an accomplice as a mattter of law, and also the refusal of his motion for an instructed verdict since the testimony of the prosecutrix was not corroborated as to the offense charged are urged as grounds of error.

The thirteen-year-old prosecutrix is the natural daughter of the appellant. The mother and wife was not at home but at a hospital, and the appellant had sent the two younger daughters to the store while he and prosecutrix ,were alone at home at the time in question. The prosecutrix went into appellant's bedroom to talk with him, ,and after they had talked, he asked her if she wanted to learn "a different kind of kiss,"

and they kissed, and later they did the "different kind" of kiss called "Frenching"; and that he placed his hands upon her private sexual parts. The appellant told the prosecutrix he would get in trouble if she told what had happened. The prosecutrix told her mother several days later what had occurred, then told a friend, and later told a person in the Juvenile Department. The prosecutrix admitted that she had denied the act of her father to the officers, but stated that her mother told her to deny it, and that she was afraid that the appellant would get in trouble; and that she had told lies many times and would do so "if she had to."

The fact issue of whether the prosecutrix was an accomplice witness was submitted to the jury.

The evidence is sufficient to support the conclusion that the prosecutrix was not an accomplice witness as a matter of law and that the court did not err in refusing to so charge the jury.

If corroboration of the testimony of the prosecutrix was necessary, the McFarland testimony of what the appellant testified on the hearing in Judge Moore's court was sufficient corroboration.

Grounds of error Nos. 8 and 9 are overruled.

■ Error is urged on the ground that there is a fatal variance between the allegation in the indictment that the appellant placed his hands on the sexual parts, to-wit: the vulva, and the proof that it was the private parts; and also erred in failing to charge the jury that they must find that he placed his hands on the vulva as alleged.

The testimony that the appellant placed his hands on the sexual private parts of the prosecutrix was sufficient to sustain such allegation. Ball v. State, 163 Tex.Cr.R. 214, 289 S.W.2d 926; Ferguson v. State, 170 Tex.Cr.R. 58, 338 S.W.2d 454; Thomas v. State, Tex.Cr.App., 399 S.W.2d 555. The charge as given required the jury to find

that the appellant placed his hands on the sexual parts to-wit: the vulva, of the prosecutrix. Grounds of error Nos. 11 and 12 are overruled.

 In grounds of error Nos. 13 and 14 the appellant contends that the trial court erred in holding that the prosecutrix was competent to testify as a witness for the reason that she testified she did not understand the nature of the proceedings in which she was called to testify, and that she would lie when "she had to."

From the court's examination in the absence of the jury of the ninth grade prosecutrix, it appears that she understood that she would be punished if she did not tell the truth; that by her statement that she did not understand the nature of the proceedings she meant that she did not understand how the "courts run"; and that she intelligently related the transaction about which she was interrogated. No abuse of the trial court's discretion is shown by permitting her to testify. Hines v. State, 160 Tex.Cr.R. 284, 268 S.W.2d 459; King v. State, Tex.Cr.App., 414 S.W.2d 935; Shields v. State, Tex.Cr.App., 402 S.W.2d 761.

 Error is urged on the ground that there is a fatal variance between the allegation of the first name of the prosecutrix as Beverly and her testimony that her first name was Beverlee.

The testimony of the witness Cora McFarland as set out herein reveals that the prosecutrix's first name is Beverly. No issue as to the identification of the prosecutrix arose during the trial, she being the appellant's natural daughter. However, it is concluded that the names are idem sonans. No error is presented.

The failure of the court to charge the jury on the issue of the voluntariness of the alleged statements made by the appellant at the dependency hearing is urged as a ground of error. No objections to the charge or requested charges pertain-

ing to such a charge is contained in the record. The ground of error is overruled.

The appellant did not testify or offer any evidence on the trial of guilt or innocence.

The evidence is sufficient to support the conviction.

The judgment is affirmed.