Lorenzo **CAUDILLO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43368.

Court of Criminal Appeals of Texas.

Jan. 13, 1971.

Rehearing Denied Feb. 17, 1971.

Turman & Mitchell, by Joel B. Mitchell, Austin, for appellant.

Bob Smith, Dist. Atty., M. Lawrence Wells, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises from a conviction for possession of heroin where the punishment was assessed at 20 years.

After the State waived and abandoned the two prior convictions alleged for enhancement, the appellant waived trial by jury and entered a plea of not guilty before the court.

The State's evidence reflects that on October 4, 1968, Mary Hernandez went to the Austin police station where her person and automobile were searched by the officers. She was then given $5.00 to purchase heroin. Sergeant Luther Jones concealed himself in the trunk of her automobile. The lid of the automobile's trunk had been damaged and could be closed in such a manner as to allow Jones to observe events outside of the automobile. Mary Hernandez, followed by Officers Freudenberg and Hersom in another vehicle, drove to Zaragosa Park in Austin where she saw the appellant and waved to him. She testified the appellant got into her automobile and when she asked him if he had any "stuff" he took out a fingerstall and removed one gelatin capsule for which she gave him $5.00. Appellant then got out of the car and Mary Hernandez drove a short distance, stopped and handed the capsule to Jones through the opening in the trunk of the car.

Officers Hersom and Freudenberg observed the appellant enter the Hernandez automobile, stay about a minute and leave. Jones testified he heard someone enter the Hernandez vehicle and a conversation in Spanish which he did not understand. He related that shortly thereafter Mary Hernandez handed him a gelatin capsule.

The chain of custody of the capsule was established and it was shown by stipulation that the chemist would testify that the capsule contained heroin.

The appellant testified he was in jail in Taylor, Texas on the date in question. He was impeached by a showing that records of the Taylor city jail did not reflect his confinement on that day. It was shown he had been previously convicted of felony theft and of burglary.

In his first three grounds of error appellant complains of "the police action of 'encouragement'" by an informant. It is obvious that the appellant contends there was an illegal search and seizure and that he was entrapped. These were the same contentions urged in Gomez v. State, Tex. Cr.App., 461 S.W.2d 422, wherein Mary Hernandez also made a purchase of heroin. For the same reasons set forth in such opinion appellant's first three grounds of error are overruled.

Lastly, appellant contends the police failed to issue a receipt for the heroin as required by Article 725b, Sec. 15, par. 4, Vernon's Ann.P.C. Such statutory provision applies to a search or inspection without a warrant. No search or detention was here involved. Under such circumstances the provision is inapplicable. Jones v. State, 169 Tex.Cr.R. 175, 332 S.W.2d 560.

The judgment is affirmed.