## D. LAMPKIN v. THE STATE.

### No. 3062.   Decided February 22, 1905.

**Abusive Language—Evidence—Rebuttal.**

Where defendant, who was charged with using abusive language, testified that he did not swear and had never sworn in his life, and the State in rebuttal showed by two witnesses that on a different occasion than the transaction for which he was being tried, defendant had called them God damn sons a bitches and had drawn his shot gun on them and that he had pleaded guilty to this transaction and settled the same, there was no error, although such testimony would have been inadmissible as original evidence.

Appeal from the County Court of Dallas. Tried below before Hon. Ed. S. Lauderdale.

Appeal from a conviction of using abusive language; penalty, a fine of $5.

The opinion states the case.

*Edward B. Freeman, Marcus M. Parks, John J. Fagan,* for appellant.
—Baldridge v. State, 8 Texas Ct. Rep., 29; Jenkins v. State, Id., 182; Williford v. State, 36 Texas Crim. Rep., 414.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of using abusive language, to J. M. Hicks, under circumstances reasonably calculated to provoke a breach of the peace. The evidence shows that about the 9th of June, 1903, on a public road, between Dallas and Kleburg, appellant asked Hicks if he had not filed a petition with the county superintendent of public instruction protesting against the approval of a contract with Mrs. Lampkin (appellant's wife) to teach the public school

at Rylie. Hicks denied having done so. Appellant remarked, "You are a God damn dirty lying son of a bitch," and pulled something from his pocket which the witness believed to be a pistol. This is the State's case. Appellant admits meeting Hicks on the day mentioned, and asked him why he took such a stand against his wife in regard to the school matter, and why he worked up the petition, stating to Hicks that he heard he had been talking about his wife, and that if he ever heard another word that he (Hicks) had said about her or her school, he would hold him strictly accountable for it. He states further that Hicks denied ever having said anything to any one about Mrs. Lampkin. This is the defendant's side of the trouble. The State proved a case. Defendant further testified that he did not swear and had never sworn in his life. The State, in rebuttal, proved by Jack Jones and Reece Jones, that on the 9th of June, 1903, appellant came to Rylie, armed with a shot gun, on which occasion called each of them a God damn son of a bitch and drew his shot gun on them; that on cross-examination they stated appellant had settled those cases by pleading guilty to abusive language to one of them. Exception was reserved to this latter testimony, because it was immaterial and irrelevant to any issue in the case, and prejudicial to the rights of the defendant; and further because it was an inquiry into another and different transaction at another and different place. We believe this testimony was admissible. Appellant stated on his direct examination in his own behalf, that he did not swear and had never sworn in his life. The testimony of the two witnesses Jones was to the effect that he did on the same day use profane language to and about them. We think this was legitimate rebuttal evidence. If appellant had not testified before the jury that he never swore, this would have been inadmissible, but having placed that matter before the jury it became the subject of legitimate rebuttal evidence to show that he had sworn at other times. Testimony may become material which would otherwise not be so by reason of facts put in by the opposite side. As original testimony we do not believe the testimony of the Jones' witnesses would have been legitimate, but appellant having stated positively that he never swore at any time, it was legitimate to prove that he did use profane language at other times than that mentioned in the information. It is also legitimate to prove that he pleaded guilty for cursing Jones on said day, for the reasons above stated. There is no such error in the record as would require a reversal of the judgment; and it is therefore affirmed.

*Affirmed.*