W. F. JONES v. THE STATE.

No. 17976. Delivered February 26, 1936.
Rehearing Denied March 25, 1936.

The opinion states the case.

*W. W. Sanders,* of Gilmer, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for operating a motor vehicle upon a highway, appellant being at the time intoxicated; punishment assessed being a fine of fifty dollars.

It is appellant's contention that the State's evidence fails to show that appellant was driving the vehicle in question, and also fails to establish that he was intoxicated.

G. W. Turrentine operated a tourist camp and filling station on Highway No. 65 south of Gilmer. Still farther south on said highway and about 275 yards from Turrentine's station appellant operated a store, tourist camp and filling station. In the early part of the night of January 20, 1935, Turrentine was in front of his station and heard a crash south from his place. He and Mr. Pollard ran about 125 yards south and at a point near a culvert across the highway they found a "wrecker car" in the ditch on the west side of the highway. The car was headed north. In the car under the steering wheel was appellant. The doors to the cab seemed to be jammed and they had difficulty in opening the one on the left side. While Pollard was trying to get it open Turrentine went around to the other door and succeeded in getting it open. They took appellant out. He seemed to be unconscious. Turrentine ran back to his camp, got his car and came back with it to the wreck. Appellant was placed in Turrentine's car and taken to the hospital in Gilmer. It was a starlight night. Neither Turrentine nor Pollard saw anyone leaving the wrecked car as they approached it. Appellant was found to have sustained no serious injury. While at the hospital he became violently loud and obscene in his talk, so much so that the sheriff was called. He testified that appellant was drunk. Another witness who saw him a short time before the wreck also testified that from appellant's conduct and talk he thought appellant was drunk. This was controverted by witnesses for appellant.

A seventeen year old son of appellant testified that he was driving the car at the time it was wrecked; that he ran off the road because the steering gear failed to work. He claimed

that appellant and several other parties helped push the "wrecker" off to start it from appellant's filling station, and that appellant got in the cab on the right side after it started; that it was necessary to push it off because of a weak battery; that he thought appellant was badly injured when the "wrecker" went into the ditch and that witness got out of the cab and ran back 150 yards to appellant's filling station, reported to his mother and others that appellant was hurt; that his mother immediately started to the scene of the wreck, and witness ran back and overtook his mother, but that appellent had already been taken to the hospital by Turrentine before they got back to the wreck. The son's story was supported by other witnesses offered by appellant. For some reason the jury declined to believe the defensive testimony. We deem the facts sufficient to warrant the jury's finding that appellant was driving the wrecker, and that he was intoxicated at the time.

Appellant brings forward a complaint because the court over objection permitted the sheriff to testify that when he saw appellant at the hospital that appellant was drunk, the objection being that it was an hour or an hour and a half after the wreck before the sheriff saw appellant, and that the doctor had given him two or three strong hypodermics, in connection with which he had probably used denatured alcohol. The court was not in error in admitting the sheriff's testimony. The objections went to the weight and not the admissibility of the evidence.

We have not undertaken to set out in detail all the evidence as to do so would make this opinion unduly lengthy, but all of it has been carefully examined and considered.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists in his motion that the testimony for the State is insufficient to show his guilt beyond a reasonable doubt, and he persuasively sets out the testimony of a number of witnesses for the defense.

There are two questions involved in a prosecution of this kind, one of them being the question of the intoxication of the accused, and the other the question of whether he drove an automobile upon a public road at the time alleged. Examining carefully the testimony of the defense witnesses, we note that they denied with equal strenuousness and force the existence of both these elements of the offense. The testimony appears

very conclusive of the fact that appellant was drunk at the time mentioned, and there is no question but that he was in the car, which was driven on a public highway, and under the wheel when two disinterested witnesses, who were but a short distance away, heard the crash when the car left the road, and, as both testified, ran immediately to the scene, and they not only found appellant in the car but the doors of the car were jammed and were opened with difficulty. We think the jury justified in concluding that if the appellant's son had been driving the car at the time of the crash, he could not have gotten out of the car and run back out of the sight of the State witnesses who were coming to the scene on the run so as that said State witnesses should testify that they saw no person leave the car. These two State witnesses were one hundred or one hundred and twenty-five yards at most away from where the car of appellant was driven off the road; they heard the crash; they ran down there at once and found no one at the car but appellant. The reconciliation of conflicting theories in the testimony is primarily for the jury, and we hesitate to reverse unless the evidence is so much one way as to indicate a disregard for the proper disposition of the case.

The motion for rehearing is overruled.

*Overruled.*