LE ROY MILLICAN V. THE STATE.

No. 21728. Delivered November 12, 1941.
Rehearing Denied January 7, 1942.

The opinion states the case.

*Dabney & Dabney,* of Eastland, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of driving a motor vehicle on a public highway while intoxicated, and assessed a penalty of thirty days in jail and a fine of $50.00.

The article of the statute under which the prosecution was had was amended by Act of the Forty-Seventh Legislature, changing the offense from a felony to a misdemeanor. The amendment went into effect subsequent to appellant's indictment, trial and conviction, and while the case was before this court on appeal. Because of the amendment, it is contended that the case should be reversed and ordered dismissed. This question has been considered by this court in two recent cases and decided adversely to such contention—R. C. Davis v. State, No. 21,699, (142 Texas Crim. Reports 602) and Pete Houston v. State, No. 21,684, (Reported in this volume) neither of which has been reported.

Testimony was given in the case by a number of officers, some of whom saw appellant on the highway, observed his condition, and qualified to be able to testify on the subject and concluded that he was intoxicated. Several bills of exception complain of the testimony of officers who went to the jail after appellant was arrested and placed in a cell. Relying upon the authorities of Abston v. State, 141 S. W. (2d) 337, and Apodaca v. State, 146 S. W. (2d) 381, appellant contends that the testimony which such officers gave results in forcing him to give testimony against himself; that the things which he said and did while in jail were not admissible against him, and that the officers could not testify as to conclusions which they reached while observing him in jail. We do not think that the Abston case is in point, and the Apodaca case is based upon an entirely different situation.

We have examined carefully the evidence before us and it appears that the officers went to the jail for the purpose of observing appellant; that they did so, and based their conclusion on what they saw, but no evidence was given quoting any statement or confession which appellant made. They did not force him to do anything. They made no test such as described in the Apodaca case, and it appears that they clearly had a right to make the observation which they did and to reach a conclusion from it. (Mikeska v. State, 182 S. W. 1127; Kirby v. State, 150 S. W. 455.)

It is true that appellant testified in his own behalf, using expressions which, considered alone, might indicate that the officers had forced him to do something. He says that they, "ordered me out of the cell," but he does not give the court the benefit of anything they said to him and there are no words of

the officers which this court might construe to determine whether or not it was an order or whether they asked him to come out, as one or two of the officers testified to having done.

We adhere strictly to the rule laid down in the Apodaca case and believe in the principle upon which it is founded, but do not think it is necessary to close the eyes of an officer and forbid him to testify to any act or conduct which a party arrested may do and perform indicating his intoxicated condition. Applied to the logical conclusion, it would simply mean that if officers came upon a party on a highway who was intoxicated, and immediately placed him under arrest they could not then testify to anything indicating that he was intoxicated and, in order to secure a conviction, it would be essential that they follow the party a sufficient length of time to determine definitely that he was intoxicated before making an arrest. The very purpose of the law which is intended to keep drunken drivers off the highways would be defeated. Other passengers entitled to use the highway would be forced off and their rights suspended or their lives endangered. No rule was intended to go that far and, yet, that is the essence of the argument made in this case. It is contrary to the decisions of this court and cannot be sustained.

Other objections raised are without merit.

The judgment of the trial court is affirmed.

#### ON MOTION FOR REHEARING.

### GRAVES, Judge.

Appellant contends that we were in error in the original opinion in this cause wherein we held that his bills Nos. 1, 2, 3, 4 and 5 evidenced no error. Each of these bills complains of the introduction in evidence of the testimony of witnesses who observed appellant soon after his arrest and incarceration in jail relative to his intoxicated condition. As to what occurred at such times as were testified to by such witnesses, we find a sharp conflict in the testimony of all of such witnesses upon the one hand and the appellant upon the other hand. These witnesses all say that they merely observed appellant, whose tongue appeared to be so thick that he could not talk intelligently, and whose walk indicated that of a drunken person; that they did not order him to do anything, but merely purposely observed him and drew their own conclusions. Appellant claims that he

was ordered by these witnesses, who were armed officers, to do certain things in order to determine whether he was intoxicated, and that he was under duress while being thus ordered, and that therefore he came under the holding in the Apodaca case, supra, in that he was compelled to give evidence against himself.

We think any observation relative to appellant's condition at or about the time of the accident and his immediate arrest should be admitted as going to show his condition, if it did so, at the time of the commission of the offense, and that if he performed any act of his own volition while being thus observed, we do not think his rights would be violative if such actions were observed and utilized by the witnesses in determining his condition at the time.

It is to be observed, however, that appellant's bill No. 1 contains only a general objection to the witness Peters testifying as to what he observed relative to appellant's condition: "that the answer was a voluntary statement, that it was highly inflammatory, was certainly prejudicial and detrimental to the defendant." We do not think such an objection was sufficient to call the trial court's attention to the complained of error now offered, and that is that the defendant was under arrest at such time and such testimony was in effect compelling him to give evidence against himself.

Bill of exceptions No. 2 merely states "that said testimony was objected to by the defendant," stating no further ground of objection, and which we think was an insufficient objection.

Bills of exceptions Nos. 3, 4 and 5 are all in question and answer form and we find no certificate of the trial court stating the necessity therefor, and they should not be considered by us under the statute.

Bill No. 7 is in the same condition as bills Nos. 3, 4 and 5, and should not be considered by us. We do observe, however, that the showing of a former indictment and conviction for the crime of burglary the previous year was properly admitted as affecting the credibility of the appellant as a witness, if it did so, and was limited to such by the trial court in its charge to the jury.

If a controversy had developed in this trial relative to whether the appellant had voluntarily exhibited any peculiari-

ties of conduct in front of the State's witnesses, or that he had been ordered or compelled to give evidence thereof, then we think it would have been appellant's duty to have called such a controversial condition to the trial court's attention either by an objection to the court's charge, or by a requested instruction relative thereto, and the trial court would doubtless have allowed the jury to have passed upon the voluntariness of such actions under appropriate instructions, and they should have been told to disregard the same if any element of duress or conclusion entered into such actions. This was not done neither by objection nor request to the court, and under the circumstances we are unable to see any error evidenced herein.

We adhere to the views expressed in our original opinion, and the motion is therefore overruled.