## ROY HOWARD V. STATE.

No. 24757. May 10, 1950.
Rehearing Denied June 7, 1950.

*Benson, Anderson & Howard,* by *Hugh Anderson,* Lubbock, for appellant.

*Lloyd A. Wicks, Jr.,* County Attorney, Crosbyton, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a driving-while-intoxicated case; the punishment, a fine of $250 and ninety days in jail.

A highway patrolman arrested appellant for driving and operating his automobile in a dangerous and reckless manner upon a public highway. Upon effecting the arrest, the patrolman discovered that appellant was drunk, and carried him to jail. About three hours thereafter the sheriff of the county saw appellant in jail. He testified that at that time he was drunk.

Appellant denied that he was intoxicated.

The sole bill of exception appearing in the record complains of the receipt in evidence of the testimony of the sheriff.

The testimony was admissible as corroborating the state's witness that the appellant was drunk when he arrested him. Mikeska v. State, 79 Tex. Cr. R. 109, 182 S. W. 1127; Kirby v. State, 68 Tex. Cr. R. 63, 150 S. W. 455; Millican v. State, 143 Tex. Cr. R. 115, 157 S. W. 2d 357.

The time elapsing between the arrest and the sheriff's seeing appellant was a question addressed to the weight of the evidence rather than its admissibility.

The judgment of the trial court is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

We remain convinced that no error is shown by appellant's lone bill of exception.

The sheriff was properly permitted to testify that in his opinion appellant was drunk some three hours after his arrest. See Jones v. State, 130 Tex. Cr. R. 102, 92 S.W. 2d 246; King v. State, 133 Tex. Cr. R. 496, 113 S.W. 2d 181.

The surrounding circumstances as well as the time elpased must be considered in passing upon the admissibility of testimony over the objection that it is too remote.

Appellant was in custody from the time of his arrest, and the circumstances are such as to exclude the belief that he had consumed intoxicants after the alleged offense.

Under such circumstances the fact that three hours had elapsed since the time of the alleged offense would not condemn the testimony as too remote. The weight of the evidence was, of course, for the jury.

Appellant's motion for rehearing is overruled.

Opinion approved by the court.