GROVER KEMP V. STATE.

No. 25710. April 2, 1952.

Hon. Nash Oliver, Judge Presiding.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, imprisonment in the county jail for 365 days.

Police officers, who arrived at the scene of a minor collision, testified that appellant, who they found there, was intoxicated. The state failed to establish that appellant had been the driver of an automobile involved in the collision, but the appellant took the stand in his own defense and admitted this essential fact, and then went on to testify that he had nothing to drink on the occasion in question and claimed that the accident had resulted from a defective steering mechanism. In this, he was supported by the testimony of his wife.

The jury found against appellant, and the evidence is sufficient to support the conviction.

Bill of Exception No. 1 complains that the state was permitted to introduce in evidence the appellant's past criminal record.

The court's qualification to this bill is, in part, as follows:

"Defendant in answering a question of State's Counsel concerning the amount of intoxicating beverage he had drunk on the occasion in question answered that he had had nothing to drink at all that day, and stated further that he did not drink at all and that he never had drunk any intoxicating liquor of any kind. Whereupon counsel for the state, in an effort to impeach this statement asked defendant if it was not true that he had plead guilty to being drunk on a number of specific dates in the City Court of Waco, Texas. Defendant answered that he had so plead on each occasion asked about."

In Lampkin v. State, 47 Tex. Cr. R. 625, 85 S. W. 803, in a

prosecution for using abusive language, where the appellant testified in his own defense that he did not swear on the occasion charged, and that he had never sworn in his life, the state was permitted to prove, in rebuttal, the appellant had used profane language in the presence of other witnesses on another occasion.

In affirming the conviction, Judge Davidson said:

"We think this was legitimate rebuttal evidence. If appellant had not testified before the jury that he never swore, this would have been inadmissible; but having placed that matter before the jury, it became the subject of legitimate rebuttal evidence to show that he had sworn at other times. Testimony may become material which would otherwise not be so, by reason of facts put in by the opposite side. As original testimony, we do not believe the testimony of the Jones witnesses would have been legitimate; but appellant having stated positively that he never swore at any time, it was legitimate to prove that he did use profane language at other times than that mentioned in the information. It is also legitimate to prove that he pleaded guilty for cursing Jones on said day, for the reasons above stated."

Bill of exception No. 2 complains that the court did not charge on the effect to be given certain testimony. To have done so would have constituted a charge on the weight of the evidence and hence improper.

Bill of exception No. 3 objects to the sufficiency of the evidence and need not have been presented in a bill of exception.

Finding no reversible error, the judgment of the trial court is affirmed.