### MACK McGILL v. STATE.

No. 26,074. November 26, 1952.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) January 14, 1953.

*J. O. Duncan,* Gilmer, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $125.00.

Officer Tye testified that on the day charged in the information he observed an automobile weaving from one side of the road to the other, that he followed said automobile, brought it to a stop, and observed that appellant, who was the driver thereof, was intoxicated. He further testified that he searched the automobile in question and found an unopened quart of whiskey and an empty "one-half bottle of whiskey" on the floor board, after which he arrested the appellant and placed him in jail.

Appellant did not testify, nor did he offer any witnesses in his behalf.

Appellant's principal complaints grow out of the testimony of the arresting officer as to appellant's condition at the time of his arrest and incarceration.

This testimony was clearly admissible. Recently, in Clifton v. State, 156 Tex. Cr. R. 655, 246 S. W. 2d 201, we said:

"However, for the purpose of clarification, it appears that appellant is laboring under the impression that no witness may be allowed to testify as to anything he observed subsequent to the moment of arrest. In this, he is mistaken. It has long been the holding of this Court that, 'If such acts or declarations were part of the res gestae they are admissible notwithstanding the fact that they may not be admissible as confessions or as admissions, for the rule of res gestae is independent of, superior to and cannot be limited by the rules relating to confessions or admissions after arrest.' 18 Tex. Juris., Sec. 193, p. 313."

Finding the evidence sufficient to support the conviction and

no reversible error appearing, the judgment of the trial court is affirmed.