LOUIS HENRY WARD v. STATE

No. 26,945. April 28, 1954.
Motion for Rehearing Granted June 2, 1954.

*Roy C. Vance*, Odessa, and *Turpen, Kerr & Smith*, by *Wm. Monroe Kerr*, Midland, for appellant.

*Reagan H. Legg*, County Attorney, Midland, and *Wesley Dice*, State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the offense of driving a motor vehicle upon a public highway while intoxicated, and his punishment was assessed at a fine of $200.

J. D. White, a highway patrolman, testified that he saw appellant about 11:30 P.M. on July 12, 1953, operating his automobile upon a public highway in Midland County; that he saw appellant operating his automobile at a high rate of speed and stopped him; that he observed appellant's actions, manner of speech and smelled liquor and, in his opinion, appellant, at this time, was intoxicated.

The testimony of Emmett L. Hunter and W. R. Hill, each being officers, shows that they were at the jail when Patrolman White arrived with the appellant and that they observed appellant walk and heard him talk, and each stated that, in his opinion, appellant was under the influence of intoxicating liquor.

Appellant testified that on the day in question he had drunk five bottles of beer from 1:30 P.M. until he was arrested about 7:30 P.M., and that he was not intoxicated.

Appellant offered one witness who testified that he saw appellant about 7 P.M. and that he was not intoxicated. Two

other witnesses testified that appellant's general reputation for being a peaceful and law abiding citizen was good.

The evidence is sufficient to sustain the conviction.

By Bills of Exception Nos. 9 and 11, appellant contends that the court erred in permitting Officers Hunter and Hill to testify over his objection as to conversations they had at the jail with appellant after his arrest and that his speech was broken.

The testimony of said officers does not quote nor attempt to quote anything that appellant may have said at the jail. Thus, no error is shown. Millican v. State, 143 Texas Cr. R. 115, 157 S.W. 2d 357. The opinions of the officers as to appellant's intoxication, based upon their observation of him at the jail, were clearly admissible. Howard v. State, 155 Texas Cr. R. 36, 230 S.W. 2d 213; Clifton v. State, 156 Texas Cr. R. 655, 246 S.W. 2d 201; McGill v. State, 158 Texas Cr. R. 163, 253 S.W. 2d 667.

By Bills of Exception Nos. 1, 2 and 3, appellant complains of the county attorney's closing argument to the jury as follows:

"Gentlemen, the highways are filled, the body shops are filled with wreckage of automobiles by people who thought they could drive as well after 5, 6 or 7 drinks as they could before they had any," to which he objected upon the ground that same was outside the record and not supported by the evidence, and further objected to the refusal of the court to instruct the jury to disregard such statement.

The court, in overruling the above objection and motion, stated "I think it is proper argument," to which appellant objected upon the ground that such remark "was a comment upon the evidence and its bearing in the case."

Appellant testified that he had "five beers" from 1:30 P.M. to about 7:30 P.M. on the day in question, and it didn't bother him. He further stated that he thought he could drive a car as well with five beers as he could with none.

This testimony clearly shows that the complained-of argument did, in part, have support in the evidence. It is necessary that the bill point out the argument considered prejudicial in such a manner as to give the court an opportunity to pass on

same separate from other matters that may not be objectionable. No error is here shown. Sublett v. State, 158 Texas Cr. R. 627, 258 S.W. 2d 336.

The statement of the court in ruling on appellant's objection to the herein quoted argument that it was proper argument was not such a remark as reflects reversible error.

By Bills of Exception Nos. 4, 5 and 10, appellant complains of being asked on cross-examination by the state the following question: "As a matter of fact, you had a wreck in Monahans and paid a $200.00 fine, didn't you," upon the ground that the same was impeaching him upon matters not "involving a felony or moral turpitude." Appellant's answer to this question was "No, sir, I did not," and upon being asked further about the same matter, to-wit: "You say you did not" he replied "I didn't have an accident."

Appellant, while testifying on direct examination, stated that he had never been convicted of a felony; *that he had never been involved in an accident,* and that he was not involved in an accident on this occasion.

The above testimony being first given by the appellant, it was proper to make inquiry as well as proof that he had had other accidents. Evans v. State, 156 Texas Cr. R. 474, 243 S.W. 2d 843. In Lampkin v. State, 47 Texas Cr. R. 625, 85 S.W. 803, a prosecution for using abusive language, the appellant therein, while testifying in his own behalf, stated that he did not swear on the occasion charged, *and that he had never sworn in his life,* the state was permitted to prove, in rebuttal, that he had used profane language in the presence of other witnesses on another occasion. In affirming this conviction, we said: "* * * As original testimony, we do not believe the testimony of the Jones witnesses would have been legitimate; but appellant having stated positively that he never swore at any time, it was legitimate to prove that he did use profane language at other times than that mentioned in the information. It was also legitimate to prove that he pleaded guilty for cursing Jones on said day, for the reasons above stated." In light of the record, no error is here shown. See also Kemp v. State, 157 Texas Cr. R. 158, 247 S.W. 2d 398.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

On original submission we reached the conclusion that because appellant, on his direct examination, had first gone into the matter and had testified that he had never had an accident, reversible error was not shown in his being asked on cross-examination: "As a matter of fact, you had a wreck in Monahans and paid a $200 fine didn't you?"

Appellant admits that it would have been proper for the state to show, if they could, that contrary to appellant's claim, he in fact had been involved in an accident. But he points out that this was not the basis of his complaint.

The record shows that appellant was not involved in an accident on the present occasion, and when asked, he denied that he had previously had an accident in Winkler County or in Monahans, in Ward County.

As shown by the record, the objection was addressed to the portion of the question relating to the payment of a $200 fine, counsel stating "On that $200 fine, that is a blow below the belt, and we move for a mistrial." To this objection the court ruled "I refuse to grant your motion for mistrial; I think it is proper cross-examination."

Unless it be the form of the question there is nothing in the record of which we may take cognizance to show that appellant was fined $200 for an offense which grew out of a wreck, or that appellant was ever involved in an accident or a wreck.

The cases cited in support of our holding go no further than to say that, a defendant having testified that he had never engaged in certain conduct, it was permissible for the state to show that he had done so and had pleaded guilty therefor. Lampkin v. State, 47 Texas Cr. Rep. 625, 85 S.W. 803; Kemp v. State, 157 Texas Cr. Rep. 158, 247 S.W. 2d 398.

In Evans v. State, 156 Texas Cr. Rep. 474, 243 S.W. 2d 843, cited in our original opinion, the defendant testified that he had never been in trouble in his life and had never been in court before, and the state was permitted on cross-examination to inquire if in fact he had not been twice previously convicted of the same offense for which he was then on trial.

Neither of these cases may be construed as supporting the view that because an accused testifies he has never been involved in an accident he may, on cross-examination, be asked if he had not been fined $200 for some unidentified offense not involving moral turpitude or of the grade of felony.

Upon reconsideration of the questions in the light of appellant's motion we have reached the conclusion that the asking of the question regarding the payment of a fine requires that appellant be granted another trial.

Appellant's motion for rehearing is granted, the order of affirmance set aside, and the judgment is now reversed and the cause remanded.