Joseph Lester MIXON, Appellant,

v.

The STATE of Texas, Appellee.

No. 35612.

Court of Criminal Appeals of Texas.

April 10, 1963.

Rehearing Denied May 22, 1963.

Robert C. Benavides, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Ed Davis, Don Wills and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for driving while intoxicated; the punishment, two years in jail and a fine of $200.

The witness Gainer testified that about 7:30 P.M., January 7, while driving his pickup truck around a curve on a public road, he saw a huge cloud of dust rising up over the road in front of him, and a fender of a truck lying in the road rocking back and forth, and next he saw a pickup truck on his left hand side of the road headed down in a ditch with a small part of the rear extending onto the road; that when he backed up he saw a man under the steering wheel who would not look around or respond to his call if anyone was hurt. Gainer then went on to his home, about three blocks away, notified the police and returned to the pickup in the ditch. When Gainer returned to the scene about 8 to 10 minutes later, with a flashlight, he saw only one man in the truck, and he was under the steering wheel and would not respond to his questions. While Gainer waited at the scene the officers arrived and put the man in the squad car. Gainer saw no other person in or around the pickup.

Officer Smith testified that when he arrived he found the appellant slumped over

the steering wheel with abrasions on his forehead and hands, and appellant said he did not know what had happened; that when appellant was lifted from the truck he began cursing and became very belligerent; that his breath had a strong odor of alcohol, his eyes were bloodshot and he was unable to walk, and he expressed the opinion that appellant was very intoxicated. Officer Smith further stated that he saw a fender lying in the road, and that from the tracks appellant's pickup had gone off the road on the opposite side and swerved over to where it stopped in the ditch.

The Accident Investigator testified that the pickup in the ditch had first run off of the road on the west side and then traveled to the east side where it stopped.

Testifying in his own behalf, the appellant stated that he was the owner of the pickup here involved; that he had loaned it to Ernest Morris to move a boat, and he was in the pickup with Morris who was driving, on the way to get the boat, when some mechanical trouble occurred causing it to go off the road into the ditch, resulting in heavy damage to it. He further said that he remained with the truck while Morris went for another truck to move the damaged pickup. Appellant admitted he had been drinking whiskey but stated he was not intoxicated.

Morris, testifying in behalf of the appellant, said that he was driving the appellant's truck at the time in question, and that after the accident he caught a ride and went to get a truck to pull appellant's truck out of the ditch; that when he returned to the scene some three hours later the truck and appellant were gone. He further testified that the appellant was drinking but he was not drunk.

The court charged the jury on the law applicable to circumstantial evidence.

 The jury was not bound to accept as true the testimony of the defendant and his witness that Morris was the driver, and

it is apparent that they did not. Jones v. State, 130 Tex.Cr.R. 102, 92 S.W.2d 246.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.