John Charles ALEXANDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 44523.

Court of Criminal Appeals of Texas.

Jan. 26, 1972.

Rehearing Denied March 1, 1972.

Jack Manning, Melvyn Carson Bruder, Dallas, Court Appointed Attorneys on Appeal, for appellant.

Henry Wade, Dist. Atty., John B. Tolle and Robert T. Baskett, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for robbery by assault; the punishment, twenty years imprisonment.

The appellant raises grounds of error necessitating a recitation of the facts.

The appellant was identified by the complaining witness and one other witness as having entered a Scotty's Drive-in Grocery Store, clothed in a "yellow jumpsuit". After exhibiting a pistol, appellant demanded the contents of the cash register, taking approximately $270.00 in currency and change, which he placed in a paper

bag. Appellant escaped, running in the direction of a truckline terminal which was about a block and one-half away.

After investigating officers arrived at the drive-in grocery, the officers and the manager of the drive-in drove to the truckline terminal nearby to inquire of workers at the dock as to whether they had seen a person meeting the appellant's description. At about this time appellant came out of the warehouse building. The officers quickly ascertained that appellant was not an employee and had just arrived on the scene. The appellant was not dressed in the "yellow jumpsuit" at this time, but was wearing a sweatshirt and trousers.

The officers placed the appellant under arrest and took him back to the drive-in grocery. The complainant identified the appellant as being the person committing the offense. The identification by the complainant was approximately twenty or thirty minutes after the commission of the offense.

After the officers had left the truck terminal, taking the appellant, the manager at the truck terminal and another employee examined the cars in the parking lot. They discovered a brown paper sack containing the money taken in the robbery, a "yellow jumpsuit" and a pistol in one of the automobiles. That automobile belonged to an employee at the terminal. The employee was the brother-in-law of the appellant.

The appellant, testifying in his own behalf, denied knowing anything about the clothing, gun and money discovered in his brother-in-law's automobile. He denied having committed the offense. His explanation for his presence at the truck terminal was that he had come there with his brother-in-law merely for the ride.

■ The appellant's first two grounds of error complain of the witnesses' testimony regarding the "yellow jumpsuit" be-

cause the witnesses could not testify definitely that it was the suit worn by the appellant. No objection was made at the time the "jumpsuit" was admitted into evidence. The witnesses' testimony that "it looked like" the suit worn by the appellant, along with the other evidence as to the finding of the suit, authorized its admission into evidence as well as the admission of the testimony concerning the "jumpsuit". Alejandro v. State, 394 S.W.2d 523 (Tex.Cr.App.1965); Futch v. State, 376 S.W.2d 758 (Tex.Cr.App.1964) and Flores v. State, 372 S.W.2d 687 (Tex.Cr.App. 1963). See Hill v. State, 420 S.W.2d 408 (Tex.Cr.App.1967).

■ Appellant's ground of error no. 3 complains of the cross-examination of the appellant by the prosecutor concerning appellant's being arrested for prior extraneous offenses. Prior to the asking of the questions by the prosecutor on cross-examination, the defendant had testified on direct examination that "he had not been in trouble before." In Garcia v. State, 454 S.W.2d 400 (Tex.Cr.App.1970) this court quoted from Stephens v. State, 417 S.W.2d 286 (Tex.Cr.App.1967):

"If, however, the witness makes blanket statements concerning his exemplary conduct, such as [he] has never been charged or convicted of any offense, then the State may refute such testimony, despite the nature of the conviction used or its remoteness. Orozco v. State, 164 Tex.Cr.R. 630, 301 S.W.2d 634 and cases cited therein."

Further, no objection was made at the time the questions complained of were asked of the defendant on cross-examination. No error is shown. Brown v. State, 460 S.W.2d 925 (Tex.Cr.App.1970); Bitela v. State, 463 S.W.2d 738 (Tex.Cr.App. 1971) and 5 Tex.Jur.2d 61, Sec. 39.

■ In ground of error no. 4 appellant complains that after the questions had been asked and answered, referred to in ground

of error no. 3, he was not permitted to make an explanation concerning the arrests. A bill of exception was not perfected and the record does not reflect what the appellant's explanation would have been, therefore, no error was preserved. Johnson v. State, 462 S.W.2d 955 (Tex.Cr.App. 1971) and Duncan v. State, 459 S.W.2d 822 (Tex.Cr.App.1970).

■ The appellant's fifth ground of error complains that the prosecutor asked the appellant during the hearing on punishment questions "as to arrests which the State did not prove had occurred." The questions were:

"Q. Did you ever get thrown in the jail house in Waxahachie?

"A. No.

"Q. You weren't arrested there?

"A. No sir.

"Q. For theft or something like that?

"A. No sir."

At the time of trial no objection was made to the asking of these questions. No error is shown. 5 Tex.Jur.2d 61, Sec. 39 and Brown v. State, *supra*.

The appellant did not attempt to show that the questions were asked in bad faith. See Keel v. State, 434 S.W.2d 687 (Tex. Cr.App.1968).

■ The additional grounds of error which have been urged do not comply with Article 40.09, Section 9, Vernon's Ann.C. C.P. We do not deem their review necessary under the provisions of Article 40.09, Section 13, Vernon's Ann.C.C.P.

The judgment is affirmed.

Opinion approved by the Court.