**Willie James HAMILTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45000.**

Court of Criminal Appeals of Texas.

June 7, 1972.

Gerald T. Calhoun, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Jim Skelton, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment sixty-five (65) years.

The record reflects that three men attempted to rob a Harris County liquor store but were foiled in their effort by an off-duty police officer who was shopping at the store with his wife. The officer testified that after he felled one of the robbers, who had just shot a customer, he saw the appellant, armed with a .25 caliber pistol, holding the deceased as an apparent hostage-shield. He stated that when the deceased resisted, Robert Tezeno, the third robber, carrying a .32 caliber gun, came to appellant's aid and a struggle between the appellant, the deceased and Tezeno ensued during which they fell behind some boxes. He further testified that he heard a muffled shot come from behind those boxes and then saw the appellant and Tezeno raise up from behind the boxes. Both were captured shortly thereafter in the adjacent parking lot. The bullet which killed the deceased came from Tezeno's gun.

Appellant's first ground of error is that the evidence is insufficient to support his conviction as a principal. The Court instructed the jury on the law of principals and under the facts of the case and the law, and the law as declared by this Court in Fantroy v. State, 474 S.W.2d 490, the evidence is amply sufficient to support the conviction.

Appellant's second ground of error is that the evidence is insufficient to show that the murder was committed with malice. The court properly defined malice in its charge under Article 1257b, Vernon's Ann.P.C., and also instructed the jury under Article 42, V.A.P.C., that if they found

from the evidence beyond a reasonable doubt that the deceased was killed during the commission, or the attempted commission, of a robbery in which appellant was participating that they should find him guilty of murder with malice and if they did not so believe they should find him not guilty. Further, the record reflects that appellant made no objection to the charge and did not request any special instructions. Jackson v. State, Tex.Cr.App., 474 S.W.2d 237; Hill v. State, Tex.Cr.App., 466 S.W.2d 791.

Appellant's third ground of error is that the "penalty is excessive and not supported by the evidence, in trial courts (sic) failure to properly instruct the jury, permitting the jury to draw an inference of the appellant's guilt." If we understand appellant's contention, he claims that the jury would not have assessed the penalty it did if the State had not improperly cross-examined him concerning extraneous offenses during the punishment phase of the trial.

■ On direct examination, appellant made the blanket claim that he had "never been inside a burglary before, I didn't know nothing about how to rob or nothing." On cross-examination he reiterated this statement whereupon the prosecutor questioned him concerning other robberies in which he was identified as a participant. The extraneous offense became admissible in rebuttal to appellant's blanket claim that he had never been involved in a robbery before. Davis v. State, Tex.Cr.App., 478 S.W.2d 958 (1972); Kemp v. State, 157 Tex.Cr.R. 158, 247 S.W.2d 398; Alexander v. State, Tex.Cr.App., 476 S.W.2d 10 (1972).

Further, no objection was made to the cross-examination in question. Jackson v. State, supra; Bitela v. State, Tex.Cr.App., 463 S.W.2d 738.

Appellant's third ground of error is overruled.

The judgment is affirmed.