**Marvin Jerry HECKERT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59979.**

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 25, 1981.

Michael Anthony Maness, Houston, for appellant.

Carol S. Vance, Dist. Atty., Douglas O'Brien, Vic Driscoll and John Holleman, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for capital murder. After finding appellant guilty, the jury answered "no" to the first two special issues under Art. 37.071(b)(1), (2), V.A.C.C.P. Punishment was assessed at life.

Appellant was convicted of having murdered Anne Loftis while in the course of committing a burglary in the Sagemont Addition of Houston on August 6, 1975. The victim died as a result of gunshot wounds. Appellant denied commission of the offense.

In his third ground of error, appellant contends that the evidence is insufficient to support his conviction. Specifically, he maintains that the State failed to prove that he intentionally or knowingly caused the death of the deceased.

Appellant's written statement was admitted into evidence at trial. In that statement, appellant relates that he and another party (identified as Tommy in the statement) broke into a home. A portion of the statement is as follows:

" ... After we got in the house Tommy told me to watch the hallway. Tommy then told me there was a purse laying on the couch. Tommy said 'Here, hold this' and he pulled a pistol from his waist and handed it to me. As soon as Tommy handed me the pistol I heard a noise and saw a shadow coming from a room on my left. All I remember doing then was just holding the trigger back and hearing a scream. I do not know how many times I fired the gun but I do know I fired at least twice. . . . "

In order for a homicide to be punishable, the evidence must show that the defendant committed a voluntary act with the requisite culpable mental state. *Simpkins v. State*, 590 S.W.2d 129 (Tex.Cr.App.). Proof of a culpable mental state will generally rely on circumstantial evidence. *Dillon v. State*, 574 S.W.2d 92 (Tex.Cr.App.).

V.T.C.A. Penal Code, Sec. 6.03(a) and (b), provides as follows:

"(a) A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

"(b) A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result."

The evidence in the instant case reveals that appellant was armed with a pistol while inside a burglarized home. Upon seeing a person other than his codefendant, appellant fired two shots which brought about the death of the deceased. We conclude that the evidence presented by the State was sufficient for the jury to find that appellant intentionally or knowingly caused the death of the deceased.

In his fourth ground of error, appellant contends that the court erred in admitting eight photographs of the deceased into evidence. He maintains that these photographs were admitted solely to inflame the jury.

The photographs depict the deceased lying in a pool of blood on the floor of her home. Cheryl Sierk, a neighbor of the deceased, testified that the photographs truly and accurately depicted the scene of the offense and the condition of the deceased's body.

Testimony concerning the scene of a murder, including a description of the body is admissible to throw light on the transaction and reveal its general nature. *Campbell v. State,* 525 S.W.2d 4 (Tex.Cr.App.); *Bell v. State,* 442 S.W.2d 716 (Tex.Cr.App.). If a verbal description of the body and scene is admissible, then a photograph depicting the same is admissible. *Luck v. State,* 588 S.W.2d 371 (Tex.Cr.App.); *Martin v. State,* 475 S.W.2d 265 (Tex.Cr.App.). It has been stated that a photograph is merely a graphic portrayal of oral testimony. *Welch v. State,* 576 S.W.2d 638 (Tex. Cr.App.).

We find that the photographs in question depicting the physical condition of the body and the scene of the offense were properly admitted into evidence. Appellant's fourth ground of error is overruled.

In his fifth ground of error, appellant maintains that the court erred in admitting the victim's bloodstained nightgown into evidence. He contends that the gown was admitted solely to inflame the jury.

This Court recently addressed the issue of the admissibility of bloodstained clothing worn by the victim of a criminal offense. In *Bradford v. State,* 608 S.W.2d 918 (Tex. Cr.App.), it was held that if a verbal description of the body and scene is admissible, the clothing worn by the victim of the offense, even if bloodstained is admissible into evidence.

We find that a description of the victim's body and clothing at the scene was admissible to throw light on the offense and reveal its general nature. Such a verbal description being admissible, the clothing worn by the deceased was likewise admissible in evidence. No error is shown in the trial court overruling appellant's objection to the admission of the victim's nightgown.

In his first ground of error, appellant contends that the court erred in admitting evidence of an extraneous offense. He maintains that the evidence was admitted in order to "brand [a]ppellant as an armed robber."

Appellant testified that after he was arrested, he was questioned by officers concerning various robberies. In describing his willingness to cooperate with the officers, appellant stated as follows:

"Q. What happened the next Saturday morning?

"A. Well, I think it was Detective Musick come to get me, because it wasn't the same ones that arrested me. He didn't come up—Bonds didn't come up. Musick come and got me, to the best of my knowledge, and took me down to the Robbery Division. He sat me in there, and some other detective was sitting in there, and the other detective that was sitting at the chair asked me if I would sign a waiver to a lineup, because they were investigating some robberies.

"Q. Did you sign the lineup waiver?

"A. Yes, sir.

"Q. Why?

"A. I didn't do any robberies. So, I wasn't worried about it."

Following the above testimony, the State called Lorna Hagen. The witness stated that she was employed at a 7–11 convenience store in Pasadena. Hagen stated that on August 4, 1975, appellant and another party entered the store. Hagen related that appellant produced a weapon and demanded that she give him "all the bread."

This Court recently rejected a contention similar to that now presented in *Carpenter v. State,* 596 S.W.2d 115 (Tex.Cr.App.). There, it was stated:

"In *Hamilton v. State,* 480 S.W.2d 685 [Tex.Cr.App.], this Court stated the rule applicable to the situation presented in the instant case:

"'On direct examination, appellant made the blanket claim that he had "never been inside a burglary before, I didn't know nothing about how to rob or nothing." On cross-examination he reiterated this statement whereupon the prosecutor questioned him concerning other robberies in which he was identified as a participant. The extraneous offense became admissible in rebuttal to appellant's blanket claim that he had never been involved in a robbery before. *Davis v. State*, Tex.Cr. App., 478 S.W.2d 958 (1972); *Kemp v. State*, 157 Tex.Cr.R. 158, 247 S.W.2d 398; *Alexander v. State*, Tex.Cr.App., 476 S.W.2d 10 (1972).'

"In the case at bar the testimony quoted above constituted a blanket claim that appellant had never asked Green to buy any LSD at the pool hall in Jacksonville, thus authorizing evidence of an extraneous delivery of LSD at that pool hall in rebuttal. . . ." Id. at 123 and 124.

■ We conclude that in view of appellant's blanket claim of noninvolvement in a robbery offense, Hagen's testimony concerning an extraneous robbery was properly admitted by way of rebuttal. Appellant's first ground of error is overruled.

In his second ground of error, appellant maintains "[t]he jury's verdict of guilt is fatally at variance with the verdict on punishment, as evidenced by the negative answer to the first question, necessitating reversal of the conviction." As stated above, after finding appellant guilty of capital murder, the jury answered "no" to the first special issue submitted under Art. 37.-071(b)(1),[1] supra. Appellant thus contends that the verdicts cannot be reconciled because ". . . 'deliberately' as used in the first punishment question . . . is the linguistic equivalent of 'intentionally' and 'knowingly'."

In *Jurek v. Texas*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976), the Supreme Court of the United States concluded that the submission of the issues provided by Art. 37.071, supra, constitutionally guided the jury's determination of the punishment issues. In *Granviel v. State*, 552 S.W.2d 107 (Tex.Cr.App.), it was stated that the requirement that a defendant's conduct be committed deliberately does not mean that it must be a premeditated act. We have held that because the term deliberately has not been specially defined by statute, it is to be taken and understood in its usual acceptation in common language. *Esquivel v. State*, 595 S.W.2d 516 (Tex.Cr.App.); *King v. State*, 553 S.W.2d 105 (Tex.Cr.App.). Cases which have reviewed the sufficiency of the evidence relative to the issue of deliberateness, have not adopted a standard of intentional or knowing as the equivalent of deliberateness. See *Ex Parte Alexander*, 608 S.W.2d 928 (Tex.Cr.App.); *Milton v. State*, 599 S.W.2d 824 (Tex.Cr.App.); *Villarreal v. State*, 576 S.W.2d 51 (Tex.Cr.App.); *Bodde v. State*, 568 S.W.2d 344 (Tex.Cr. App.); *Granviel v. State*, supra; *Smith v. State*, 540 S.W.2d 693 (Tex.Cr.App.).

The presumption is that in enacting a statute, the Legislature intends the entire statute to be effective. *Morter v. State*, 551 S.W.2d 715 (Tex.Cr.App.); *Lovell v. State*, 525 S.W.2d 511 (Tex.Cr.App.). Moreover, it must be presumed that the Legislature did not intend to do a useless thing in the enactment of a statute. *Brown v. Memorial Villages Water Auth.*, 361 S.W.2d 453 (Tex.Civ.App.—Houston 1962, writ ref'd n. r. e.).

■ If this Court were to adopt appellant's argument that deliberately and intentionally or knowingly were linguistic equivalents, it would render Art. 37.071(b)(1), supra, a nullity. Under such a holding, Art. 37.071(b)(1), supra, would be a useless thing in that a finding of an intentional or know-

---

1. That question was based upon the following statute:

"(b) On conclusion of the presentation of the evidence, the court shall submit the following issues to the jury:

"(1) whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that the death of the deceased or another would result;"

ing murder would be irreconcilable with a finding that the defendant's conduct was not committed deliberately. We will presume that the Legislature would not have enacted Art. 37.071(b)(1), supra, had it intended for a finding of deliberateness to be based upon the same standard as that of intentional or knowing.

We therefore reject appellant's contention that the verdicts are fatally at variance with one another. Appellant's second ground of error is overruled.

The judgment is affirmed.

TEAGUE, J., concurs in result.