Adene Clifton HOLDEN, Appellant,

v.

STATE of Texas, Appellee.

No. A14–81–670–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 21, 1982.

Rehearing Denied Feb. 25, 1982.

Robert G. Coltzer, Galveston, for appellant.

James F. Hury, Jr., Dist. Atty., Galveston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

This is an appeal from a conviction for the felony offense of driving while intoxicated. After the jury returned a verdict of guilty, punishment was assessed by the court at 5 years' imprisonment. We affirm.

Appellant presents two grounds of error, arguing that the trial court erred in allowing the State to cross-examine appellant over the objection of counsel (1) as to previous misdemeanor charges of driving while intoxicated other than the misdemeanor offense which was used to enhance the present offense to a felony and (2) as to a prior, specific act of misconduct.

Appellant first argues that the State's cross-examination in regard to misdemeanor driving while intoxicated offenses in 1969 and 1973 is not admissible for impeachment purposes and that the interjection of that cross-examination before the jury was manifestly prejudicial.

■ As a general rule, extraneous offenses are inadmissible for impeachment purposes unless the charges result in final convictions for felony offenses or final convictions involving moral turpitude, none of which are too remote. *Nelson v. State*, 503 S.W.2d 543, 545 (Tex.Crim.App.1974); *Ochoa v. State*, 481 S.W.2d 847 (Tex.Crim. App.1972). The misdemeanor offense of driving while intoxicated is not an offense involving moral turpitude. *Id.; Shipman v. State*, 604 S.W.2d 182 (Tex.Crim.App.1980).

On direct examination during the guilt or innocence stage of the trial, appellant testified that he had "pled guilty in 1975 on a DWI. It wasn't one; it was three." He also testified that he had been convicted of a misdemeanor DWI in 1978. On cross-examination appellant volunteered that he had had three DWI charges from 1960 to 1975. The State subsequently questioned appellant, as follows:

Q  In 1973, you pled to a DWI didn't you?

A  No sir.

\*    \*    \*    \*    \*    \*

Q  In 1960, 1967, 1973, and 1974 and 1975, every time you were arrested for DWI, you never were intoxicated, is that your testimony?

■ We agree that the cross-examination was an attempt to improperly impeach appellant with convictions not involving moral turpitude. However, appellant had already been impeached by his direct testimony as to as many as four prior DWI convictions. In this circumstance the error is clearly harmless. *McKinney v. State*, 505 S.W.2d 536, 541 (Tex.Crim.App.1974).

■ Appellant also contends that the trial court erred in allowing the State to ask him the following question on cross-examination over defense counsel's objection:

Q  Isn't it a fact that you have been sued on numerous occasions for—back in 1970, you were sued for running over a child while drunk?

While evidence of specific acts of misconduct of the accused is not generally admissible for impeachment purposes, an exception applies when the accused offers direct testimony which opens the door by making a blanket statement concerning his conduct, such as never having been charged or convicted of any offense, or never having been "in trouble." *Ex Parte Carter*, 621 S.W.2d 786 (Tex.Crim.App.1981); *Shipman v. State*, 604 S.W.2d 182; *Nelson v. State*, 503 S.W.2d 543. Although the holdings may now be questionable insofar as they deal with statements elicited on cross-examination, for helpful examples of such blanket statements, compare *Roberts v. State*, 164

Tex.Cr.R. 260, 298 S.W.2d 599 (1957) with *Kemp v. State,* 157 Tex.Cr.R. 158, 247 S.W.2d 398 (Tex.Crim.App.1952).

The record reflects that in the State's case in chief two witnesses had testified that, just prior to his arrest, they had observed appellant drive several blocks, swerving from one side of the road to the other. Appellant had testified upon direct examination as follows:

Q Did you go driving down the road from one side of the road to the other side of the road?

A No sir, I ain't never done driving like that. I've been driving all my life, and I ain't never done no driving like that.

On cross-examination appellant further testified:

Q Now, Mr. Holden, I believe it's your testimony that you never have driven like the manner described here earlier? You've never driven dangerously? Isn't that your testimony? I believe you made that answer in response to your attorney's questions.

A Yes sir.

Q Is that right?

A I drove big company trucks for a construction company when I was growing up, and I never had an accident at all when I was working for the construction company, and I worked for that company for 17 years. I worked for another one, and I never had an accident in those. I went to Houston to pick up machinery and everything and never had an accident.

In our opinion the direct testimony of appellant, amplified by his remarks on cross-examination, constitutes a blanket statement of exemplary conduct which entitled the State to refute the false impression placed before the jury. We therefore overrule appellant's second ground of error.

The judgment of the trial court is affirmed.