**Arnold Leon HAMMETT, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–84–052–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 12, 1987.

Alley & Alley and Richard Alley, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., and C. Chris Marshall, and Mary Thornton Taylor,

Asst. Criminal Dist. Attys., Fort Worth, and Robert Huttash, Austin, for the State.

Before BURDOCK, HILL and FARRIS, JJ.

OPINION ON REMAND

BURDOCK, Justice.

This is the second time Arnold Leon Hammett's appeal from his conviction for driving while intoxicated has been before this court. See TEX.REV.CIV.STAT.ANN. art. 6701*l*-1(b) (Vernon Supp.1987). The jury found appellant guilty of the offense. The trial court sentenced appellant to sixty days imprisonment, imposed a $200 fine, and suspended his operator's license for 180 days.

Upon our first consideration of appellant's appeal, we affirmed the conviction. See Hammett v. State, No. 2-84-052-CR (Tex.App., Fort Worth 1985, pet. granted) (unpublished). Subsequently, the Texas Court of Criminal Appeals reversed this court's decision, holding that the trial court erroneously admitted certain proof offered by the prosecution because it had no legitimate function as impeachment evidence. See Hammett v. State, 713 S.W.2d 102, 107 (Tex.Crim.App.1986).

The case has now been remanded to us for our determination of the harmfulness, vel non, of this error. We remand the case for a new trial.

In his second point of error, appellant asserts the trial court improperly admitted evidence of an extraneous offense for impeachment purposes. Specifically, appellant complains that evidence of his prior misdemeanor offense of criminal mischief should not have been admitted during the guilt-innocence phase of the trial.

During appellant's direct examination, the following colloquy occurred:

Q. Isn't it a fact that you have previously been arrested for Public Intoxication in January of '83 or thereabouts? Is that about the right time?

A. Yes, sir.

Q. Did you plead guilty?

A. Yes, sir.

Q. Is that the only time you have ever been arrested for public intoxication?

A. Yes, sir.

After argument of counsel, the trial court permitted the State, on cross-examination, to ask appellant:

Q. Mr. Hammett, isn't it true that on June 6, 1983, you pled guilty to Criminal Mischief, a misdemeanor charge?

The Court of Criminal Appeals rejected the State's allegation and our conclusion that this was proper impeachment because the testimony of appellant on direct examination conveyed the impression that appellant's entire criminal record consisted of one conviction for public intoxication. Appellant's testimony here is not the kind which opens the door for impeachment, as would a blanket statement concerning his conduct which implied he had never been arrested. Cf. Ex parte Carter, 621 S.W.2d 786 (Tex.Crim.App.1981).

■ Here, the single most contested evidentiary issue was the admissibility of appellant's conviction for criminal mischief. Since appellant put only his record for intoxication in issue, he could only be impeached with other arrests involving intoxication. Cf. Holden v. State, 628 S.W.2d 166 (Tex.App.—Houston [14th Dist.] 1982, pet. dism'd). Thus, when the State proceeded to impeach appellant's record for intoxication with an unrelated arrest for criminal mischief, the Court of Criminal Appeals held proof that appellant pled guilty to a charge of criminal mischief in no way impugned the veracity of his statement that the *only* time he had ever been arrested for public intoxication was in January of 1983. Hammett, 713 S.W.2d at 107.

■ Since the admission of the extraneous offense has been held to be error, we must now determine if that error is harmful. The Court of Criminal Appeals has announced a test for harmless error. Er-

**948** ■■■■■■■■■■■■■■■

ror is not harmless when there exists a reasonable possibility that the evidence complained of might have contributed to the conviction or affected the punishment assessed. *Clemons v. State*, 605 S.W.2d 567, 571 (Tex.Crim.App.1980). The decision as to whether the introduction into evidence of extraneous offenses constitutes reversible error requires an ad hoc determination based on the merits of each case. *Ruiz v. State*, 579 S.W.2d 206, 209 (Tex. Crim.App.1979); *see* TEX.R.APP.P. 81(b)(2).

The question now confronting us is whether or not we can say this evidence was harmless beyond a reasonable doubt, given the jury's verdict of guilt.

The Court of Criminal Appeals opinion in this case provides a complete rendition of the facts surrounding appellant's arrest. *See Hammett*, 713 S.W.2d at 103–04. For our purposes, however, we note a review of the record reveals the North Richland Hills Police Department did not have videotape equipment with which to observe and record appellant's actions after he was taken into custody. The appellant refused to take a breath test.

Additionally, appellant and Officer Craven were the only witnesses to the events surrounding appellant's arrest. Appellant strongly contradicted Officer Craven's version of the arrest. Although the jury argument is not before us, a reading of the court's charge shows the jury was instructed that as jurors they were "the exclusive judges of the facts proved, of credibility of the witnesses, and the weight to be given to the testimony".

■ Here, the improper question by the prosecutor pulled the rug of credibility out from under the appellant. We feel the State's case during the guilt-innocence phase of the trial would have been significantly less persuasive had the improper question been excluded. We find the error in admitting the evidence discussed above was not harmless beyond a reasonable doubt.

Appellant's second point of error is sustained. We find the error harmful and remand the case for a new trial.