Sharp v. State 






AFFIRMED
OCTOBER 25, 1990

NO. 10-88-180-CR
Trial Court
# 5777
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          GARY LEE SHARP,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 82nd Judicial District Court
Falls County, 

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          In this case the Appellant Gary Lee Sharp was indicted for aggravated robbery with a
deadly weapon, accompanied by two previous felony convictions. Appellant pleaded not guilty
before a jury which found him guilty of aggravated robbery and, in addition, found that Appellant
exhibited a deadly weapon during the commission of the offense. The Appellant elected to have
the court assess the punishment, and at the punishment phase of the trial Appellant pleaded true
to each of the two counts of previous convictions alleged in the indictment. 
          After the hearing on punishment, the trial court assessed Appellant's punishment at eighty-five years in the Texas Department of Corrections, from which judgment and sentence the
Appellant appeals on one point of error as follows, to wit: That it was fundamental error for the
State's prosecutor during the guilt-innocence stage of the trial to solicit testimony from a defense
witness that the Appellant had previously been in trouble and placed on probation. We
respectfully overrule Appellant's point of error and contentions and affirm the trial court's
judgment.
          The defense witness whose testimony is in question was Mrs. Virginia Pate. Her testimony
was elicited from her by the State's attorney as follows:
QAnd do you know what other employment that he's had?
ANo, sir, not really. I mean, you know, we knew him as a friend. He had
been in some trouble and he come to us and he needed work and my
husband has worked with the Adult Probation Department in Waco before,
you know, men that needs work until they can find them a better job
because this type of work people work by day or pound or you know,
whatever.
QYou say he's been in trouble?
AI think he was before.
QYou say your husband knew the Adult Probation Officer?
AYes, sir.
QIn where?
AIn Waco.
QWhat did that have to do with Gary Sharp?
AIt didn't have anything to do with it, I was just, you know -- 
QOkay.
A-- trying to explain to you that this type of work, anyone can come in and
do it. I mean, I can do the work.
QYes, ma'am.
AAnd we would try, you know, like friends of ours or anybody comes in and
needs to make you know, a little bit of money to tide them over until their
check comes in or either to, you know, some kind of employment to do
until they can get a better job.
QYes, ma'am. Okay, I guess what -- I understand that, but are you saying
Gary Lee Sharp was on probation?
AI don't know if he was on probation or not, sir.
QOkay. You said he had been in some trouble?
AI said I thought he had.
QYou think he had. What kind of trouble?
AI really don't know.
QOkay.
AI mean, I don't know anything like that.
          We do not believe it was reversible error for the State's Attorney to have cross-examined
the Appellant's witness about Appellant having been in trouble and on probation for two reasons: 
(1) Appellant did not object to the question, and (2) the witness gratuitously raised the matters,
thus opening the door to further questions.
          Where, as here, the Appellant failed to object to the questions when they were asked,
Appellant failed to preserve error for review. McIlveen v. State (Tex.Cr.App. 1977) 559 S.W.2d
815, 823. Moreover, defense counsel must object every time allegedly inadmissible evidence is
offered. Hudson v. State (Tex.Cr.App. En Banc 1984) 675 S.W.2d 507 and the cases cited
therein at page 511.
          However, be that as it may, we believe in the record before us, the State's attorney's
questions did not constitute error. The testimony complained of commenced by the prosecutor
asking the witness, "And do you know what other employment that he's (Appellant has) had?" 
To this question the witness gratuitously and nonresponsively volunteered the testimony
complained of.
          If a witness opens the door by gratuitously raising a collateral matter, the opposing party
may impeach the witness on that matter. Hammett v. State (Tex.Cr.App. 1986 En Banc) 713
S.W.2d 102, 105; on remand at Fort Worth Court of Appeals 1987, 724 S.W.2d 946. It therefore
follows that the cross-examining party may question the witness about the matters gratuitously
raised, as here.
          For the reasons hereinabove stated, we are of the opinion and hold that no error is shown. 
Judgment of the trial court is accordingly affirmed.
                                                                       AFFIRMED
 
                                                                                                                             
                                                                       JOHN A. JAMES, JR.
DO NOT PUBLISH                                           Justice (Retired)

[Participating: Chief Justice Thomas, Justice Means and Justice James (Retired)]